OPINION of the Court, by
Judge Owsxey.
This is an appeal from a judgment rendered in favor of the appellees in an action brought by the ancestor of the appellant in his lifetime against them upon a sheriff’s bond.
The declaration, after setting forth the execution of the , bond and condition, charges that the deputy of Taylor, during the continuance of his office of sheriff, by his certain writing, sealed with his seal, &c. acknowledged the receipt offee bills, taxes and fines, to the amount of g2261 11 cents, from Edwards, the immediate predecessor of Taylor in office, and bound himself to account therefor according to law; and alleged for breach the failure of Taylor and his deputy to collect and account for the fees, taxes and fines.
To this declaration the appellees offered three several pleas in bar; and although they were objected to by the, appellant, the court permitted them to be filed; and de-inurrers being also filed thereto, the-pleas were sustained; and the appellant waiving any right to reply, judgment in bar was entered in favor of the appellees.
The court, in the exercise óf a sound discretion, clearly possessed the power to receive the pleas ,• and as the *354 record ^presents no abuse of that discretion, the objec-turn taken to their admission cannot be sustained. With respect to the pleas, we are of opinion they contain substantially ajjqod bar to the action. Although they pur-port to anrnr the whole cause of action, they do not, it is true, contain any answer to that part of the complaint which relates to the taxes and fines ; but, as we suppose, the charge in relation to those subjects conduces in no manner to a right of action against the sheriff and his securities, the failure to answer it cannot be urged as an °⅛( ti°n t" ^ie pteus : for although a plea should regu-lal‘ly contain an answer to the whole of the subject mat-ter which it purports to answer, yet when it purports to answer the whole cause of action it cannot be essential it should answer matter immaterial to the right of action, merely because it may have been,charged in the declaration.
A “ receive for coi: leSion the de-andU|ne, oThis predeceffiir, nor the fee» ot a-wh’ h °^nain la hit ímhkíswu coiieftcd ; and the receipt of fine*! ¿"the &*. pat7 ¿oes not bind the princi. pai and his fe-
Plea that the feehiih receipt, d"* ^To 0)rCfte⅛ riff fot fete ices rendered byhim or his deputies characters,*isa bar. " ’
'Were Taylor, the sheriff, hound by the duties of his office to have received those taxes and fines for collection* then as they were receipted for by his deputy, he and securities would most clearly be liable; and in that case a charge in relation to those subjects Would form an essential ingredient in the cause of complaint: but we liaye been unable to find any law imposing such a duty llPoi1 Taylor as sheriff. Had he succeeded his predecessor, Edwards, in consequence of a removal from office, or death, or such like events, he would have been hound to receive and collect such taxes, &c. as might have remained uncollected by him; but as he appears not thus to have succeeded to his office, he according to no law was hound to receive from Edwards taxes and fines for collection ; and, consequently, no undertaking of his deputy to that effect can produce a right of action against him and his securities.
With respect to the balance of the complaint, the pleas contain an answer by alleging that the fee bills which are charged to have been received by Taylor’s deputy were not due Edwards for services rendered by him or his deputies in their official characters. If then those fees were not due for the services of Edwards, or his deputies, he must have held them either as a collector, or the assignee of some other officer; and in either case, Taylor was not, according to any lawq bound to receive them from him for collection : and if so, the receipt of his deputy, as we have before shewn, cannot make him liable.-Judgment affirmed.