JUDGE PETERS
delivered the opinion of the court:
In 1862 Middleton was sheriff of Lincoln county, and the other appellants were his sureties, and appellee was *393 ^his immediate predecessor in office. On the 29th of March, 1862, appellee placed in the hands of Middleton a list of taxes on persons in said county due while he was sheriff, and uncollected by him, although he had (as he alleges) paid their amounts into the treasury; and also certain fee bills due by persons in said county to him; and this action was brought by appellee against Middleton on his official bond, and his sureties, to enforce the pajment of the amount of said tax lists and fee bills; and they now seek to reverse a judgment which was rendered against them therefor.
The condition of the sheriff’s covenant is, that he shall, by himself and deputies, well and truly discharge all the duties of said office, and pay over to such persons, and at such times as they may be respectively entitled to the same, all moneys that may come to his or their hands as sheriff.
If Middleton was bound by the duties of his office to receive and collect the list of taxes uncollected, then, having receipted therefor, he would unquestionably be liable as sheriff, and, consequently, would involve his sureties in the same liability; but if he was not bound to receive them in his official capacity, his sureties could not be made liable, as they are only responsible for his official delinquencies. We have been unable to find any statute requiring the sheriff to receive and account for such list of taxes in arrear.
Section 16, article 9, chapter 83 (2 R. S., 265), provides, that if a sheriff shall resign, die, or is removed from office, his successor shall proceed to collect any arrearages of tax or public dues, and shall account for the same as other public revenue collected or to be collected by a sheriff. And the preceding section gives power to sheriffs for twelve months, after the expiration of their term of *394 office, to collect any arrearages of revenue which fell due during their official term.
Neither of the contingencies provided for in section 16, supra, ]iad happened, or at least there is no allegation to that effect; consequently, Middleton was not bound, by law, to receive and collect said taxes, and having voluntarily received a list of them, he could not thereby impose a liability on his sureties which the law did not.
In Edwards, ex'r, vs. Taylor, &c. (4 Bibb, 353), this court construed the 15th section of the act of 1796, similar in its provisions to the section of the Revised Statutes now under consideration, in the same way, and held that it was not the legal duty of the sheriff to receive and collect for his predecessor taxes due and uncollected by him, .which must be regarded as authoritative.
If it were the official duty of the incoming sheriff to receive and collect the taxes uncollected by his predecessor in all cases, there would seem to be no reason for the enactment of the 15tk section conferring upon the outgoing sheriff power for twelve months, after the expiration of his term, to collect taxes in arrear.
By section 17, article 1, chapter 91 (2 R. S., 343), it is made the duty of the sheriff and his deputies to receive and collect all officers’ fees listed with him or any of his deputies, due and payable in his county during his term of office, and to account for and pay over the same to the persons entitled thereto at the time and in the manner required by law, so that the fee bills received by MiddleA ton must be accounted for, or his sureties will be liable for the same.
But, for the reasons stated, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.