CASE 98—PETITION EQUITY—MARCH 6.

# Commonwealth v. Masonic Temple Company.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

SHERIFFS—DUTY AS TO COLLECTION OF REVENUE.—The failure of a sheriff to collect taxes which he has been prevented by injunction from collecting does not deprive him of his right to a quietus, and it becomes the duty of his successor to collect such taxes upon the dissolution of the injunction.

Commonwealth v. Masonic Temple Company.

**HELM & BRUCE** for appellant.

1. The sheriff for the time being must collect all taxes due in his county (Gen. Stats., chap. 92, art. 8, secs. 1, 7); and as the taxes in controversy in this case again became collectible in Jefferson county upon the reversal of the chancellor's judgment enjoining their collection, and the ex-sheriff, Barbour, having received his final quietus, and been discharged from his revenue bonds, had no right to collect, the present sheriff was the only one who had the right to collect the taxes, section 11 of article 9, chapter 92, of the General Statutes having no application.

Cases explained: Hobson v. Commonwealth, 1 Duv., 172; Middleton v. Caldwell, 4 Bush, 392; Jones v. Gibson, 82 Ky., 561.

2. While a sheriff to whom a quietus has been given is no longer liable on his bond, that can not possibly have the effect to discharge, or even affect, the liability of the delinquent. The taxes are still due, and the sheriff covenants in his next year's bond to collect them; and this is true, although the Auditor may have acted improvidently in granting the quietus.

3. A sheriff is entitled to his quietus when he has paid or "accounted for" the taxes; and where he shows that the chancellor has enjoined him from the collection of certain taxes, the Auditor should accept this as an "accounting for" the taxes within the meaning of the statute. (Gen. Stats., chap. 92, art. 8, sec. 8; *Idem*, art. 9, sec. 10.)

4. Even if Clark was not the proper officer to collect these taxes, it was the duty of the Masonic Temple Company, after its liability had been ascertained by this court, to pay the taxes into court, if it had any doubt as to whether or not Clark had the right to collect. (Ellis v. Brannin, 1 Duv., 48; State Railroad Tax Cases, 92 U. S., 575; National Bank v. Kimball, 103 U. S., 732; Dundee Mortgage Trust Inv. Co. v. Parish, 24 Fed. Rep., 197; Huntington v. Palmer, 8 Fed. Rep., 449; Merrill v. Humphrey, 24 Mich., 170; Rio Grande R. Co. v. Scanlan, 44 Texas, 649; London v. City of Wilmington, 78 N. C., 109; City Council of Montgomery v. Sayer, 65 Ala., 564; Morrison v. Hershire, 32 Iowa, 271; Wood v. Helmer, 10 Neb., 65; Frazer v. Leibern, 16 Ohio St., 614; Harrison v. Haas, 25 Ind., 282; City of Ottawa v. Barnes, 10 Kan., 270; Koehler v. Dopperpool, 56 Wis., 480; Allenbeck v. Hall, 2 Neb., 426; Overall v. Ruenzi, 67 Mo., 203; Parmley v. Railroad Co., 3 Dillon, 34; Worthen v. Badgett, 32 Ark, 496; Johnson v. Roberts, 102 Ill., 655.)

**T. L. BURNETT, LANE & BURNETT** for appellees.

1. A sheriff has the exclusive power, even after his term of office has expired, to collect the taxes that fell due during his term, and is not permitted to turn over to his successor any uncollected taxes or tax-bills. (Edwards v. Taylor, 4 Bibb., 353; Commonwealth v. Young, 5

Dana, 565; Middleton v. Caldwell, 4 Bush, 392; Kirk v. Roberts, 7 Ky. Law Rep., 306; Jones v. Gibson, 82 Ky., 564.)

The State gives the sheriff five years after the expiration of his term in which to fight out all matters of issue between himself and individual tax-payers (Gen. Stats., chap. 92, art. 9, sec. 11), but looks alone to him and the sureties in his revenue bond for the taxes.

2. The matters for which a sheriff is allowed a credit, or entitled to a credit upon his revenue bond, are specifically enumerated in the statute, and this enumeration excludes any and all others. Therefore, resistance, legal or illegal, to the payment of a tax does not constitute a credit on the revenue bond of the sheriff, as the statute recognizes no such credit. (Gen. Stats. (revision of 1873), chap. 92, art. 8, secs. 9, 10, 14; Idem, art. 7, sec. 2; Idem, art. 9, sec. 7; Jones v. Gibson, 82 Ky., 563.)

3. The obligation of the sheriff's bond to the State is that he will collect, account for and pay over, and it is no response to this obligation for the sheriff to say that the remedies and means afforded him by the State to collect the taxes were not efficient or ample, or that he was enjoined by the tax-payers from collecting the tax. (Cooley on Taxation, 504; Timberlake v. Brown, 59 Ala., 122; Inhabitants v. Clark, 33 Me., 482; State v. Britt, 8 Heisk, 298; Needham v. Morton, 146 Mass., 476; Painter v. Blairstown, 43 N. J. Eq., 317; Vassalboro v. Norvell, 75 Me., 247; Houston v. Duryer, 59 Texas, 113; State v. Lott, 69 Ala., 147; Vermillion v. Brookskin, 31 La. Ann., 736; Berks County v. Levan, 86 Pa. St., 360; Timberlake v. Brown, 59 Ala., 108; State v. McNeil, 74 N. C., 535; McLean v. State, 8 Heisk., 22.)

If the statute is defective, that is a matter for the Legislature, and not for a court of equity. (McLean County v. Deposit Bank, 81 Ky., 258; Campbell v. The State, 8 Heisk., 340.)

4. Until set aside by a direct proceeding, as authorized by the statute, the quietus of the Auditor is conclusive that Barbour paid into the treasury all the taxes with which he was charged. (Hobson v. Commonwealth, 1 Duv., 172; Thomas v. Ireland, 88 Ky.; Taylor v. Lewis, 2 J. J. Mar., 392; Sergeant v. George, 5 Litt., 192.)

5. When a sheriff is invested with no power to collect a debt or demand, a payment to him does not, to any extent, discharge the debt or demand. (Craigs v. Graves, 4 J. J. Mar., 603; Hawkins v. Commonwealth, 17 B. Mon., 146; Commonwealth v. Shanks, 6 Ky. Law Rep., 524; Blackwell on Tax Titles, side pages 167-168; Cooley on Taxation, 292.)

6. The Auditor had no right to give Barbour a credit for the amount of the taxes he was enjoined from collecting; but if he gave the credit, the claim of the State against Barbour's sureties for that amount went with it. The State had no claim against the Masonic Temple Com-

pany. (61 Ala., 319; 50 N. Y., 620; 2 Denio, 26; 1 Duv., 172; 3 S. & M., 529; 49 Miss., 404; 8 Peters, 375; 18 Pa. St., 144; 61 Pa. St., 290; 12 Peters, 524; 2 Brock., 447.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1885 appellee brought an action against J. D. Barbour, sheriff of Jefferson county, to enjoin collection by him of certain taxes assessed on a lot of land in the city of Louisville for the years 1862 to 1885, inclusive, and obtained judgment perpetuating that injunction; but upon appeal to this court the judgment was reversed, with directions for dissolution of the injunction and dismissal of the action. In January, 1889, appellee brought the present action against William Clark, successor in office of Barbour, to enjoin collection by him of the identical taxes, and the judgment now appealed from is, in effect, the same as the other.

It appears that Barbour's term of office expired, and he obtained from the Auditor of Public Accounts a quietus for each of the years, 1885, 1886, before the first injunction obtained was dissolved, or his right to collect the taxes in question was restored. The ground upon which the judgment appealed from was rendered is, that Barbour only could be legally made chargeable with the taxes in question, because assessed and listed during his term of office; that the Auditor was not empowered to give to him a quietus while they were outstanding, and as Clark was not nor could be made liable on his bond for the collection of them, he had no authority to collect. Section 3, article 8, chapter 92, General Statutes, former edition, requires the sheriff, on or before the first Mon-

day in January of each year, to enter into bond, with surety, *for collection of the revenue and dues*, and the bond contains a stipulation, in substance, that he. shall, by himself or deputies, during that year, "*collect, account for and pay into the Treasury* of the State, and to other persons entitled thereto, according to law, *all taxes and public dues;* also all fines, amercements and penalties directed or authorized ,by law to be collected or received by him in the year within the county," &c. By section 8 the sheriff is required to account for and pay all taxes for which he is bound. into the State Treasury by the first of April in each year, and upon *his failure to do so, he and his sureties shall be liable therefor, and shall be proceeded against at the first term of the Franklin Circuit Court. Moreover, by section 3 it is provided the Commonwealth shall have a lien upon the real estate of the sheriff, which shall not be discharged until a quietus is obtained for all the revenue and public dues he was bound to collect.

Although the taxes in question were listed with Barbour in 1885, and he became chargeable with the collection of them, he was unquestionably entitled, in his annual settlement with the Auditor, to a credit by the amount, and to the quietus given to him for each of the years, 1885, 1886, notwithstanding no part of them had been collected; for it would be not only extremely oppressive, but contrary to a rational construction of the statutes, to make a collector of revenue liable to an action by the Commonwealth, at the same time continuing the lien on his property indefinitely, for a failure to collect taxes which he could

not even attempt to collect without subjecting him-
self to penalties for disobeying an injunction; and
it seems to us he, in the meaning of the statute,
sufficiently *accounted* for said taxes, and, therefore,
had the right to demand, and it was the duty of the
Auditor to give him, a quietus, as though he had ac-
tually collected and paid the amount into the Treas-
ury.  As, then, the quietus for 1885, 1886, was regularly
and legally given to Barbour, the effect of which was
to release him from the covenant to collect the taxes
from appellee, his authority to collect them ceased;
for manifestly the duty and authority of a collector
of revenue are to be always treated as correlative;
and it thus follows, if Clark, his successor in office,
has no right or authority to collect, there is, under
the statutes as now existing, no person by whom or
proceeding by which they can be collected, and ap-
pellee becomes released altogether from payment of
what it has been decided to justly owe the Common-
wealth; for clearly the chancellor has no right, as
argued by counsel, to require appellee to pay the
amount, or any part of it, into court, because the
basis of the relief prayed for in its petition is the
total lack of right or authority of Clark, sole defend-
ant to the action, to collect or receive the taxes.

It is not to be assumed the Legislature intended
to remit altogether taxes, the collection of which may
be stayed by a suit of the tax-payer during the term
of the sheriff originally made chargeable; nor is there
a necessity for perverting the meaning or straining
the construction of the statutes as they exist, in order
to impose liability on, and give to the present sheriff

authority, to collect taxes from appellee. The power to collect the revenue and dues is, in general terms, given to each sheriff, who, in virtue of his office, becomes collector, and, consequently, must be regarded as existing in every state of case when it is not expressly provided otherwise. It is true the sheriff is required to give bond, with security, for the faithful performance of his duty as collector, to which the Commonwealth can look for redress in case of defalcation; but taxes are, nevertheless, due to it; and when one sheriff has been deprived of the power to collect, during his term of office, by process of court issued at the suit of a tax-payer, it would be absurd to say that the effect of a final judgment against such plaintiff is to afford the identical relief thereby denied. Each sheriff covenants in his bond as collector that he shall, during the fiscal year in which it is given, collect, account for and pay into the Treasury of the State, or other persons entitled thereto, according to law, not merely such as have been ascertained or assessed and listed with him for that year, but *all* taxes and public dues, without regard to the time when they first became subject to collection. That language, it seems to us, properly and fully applies to and comprehends taxes which, as in this case, were not collected by a former sheriff, because he was enjoined from collecting, and can not be so confined as to exclude them without perverting its obvious meaning and defeating the intention of the Legislature.

This court, it is true, has heretofore held, that when one sheriff has failed, by his own negligence, to collect certain taxes it was his duty to collect, he

can not compel his successor in office to collect them for him, because, having been accounted for and paid into the Treasury, the Commonwealth has no longer any interest in them, but they have become individual demands of the sheriff himself; and for relief in such cases the Legislature has, by acts, extended the period beyond the term of office in which such taxes may be collected by the officer entitled to them. Such was the ruling in Middleton v. Caldwell, 4 Bush, 392, and Jones v. Gibson, 82 Ky., 561, cited by counsel; but neither of them has application to the question before us.

In our opinion, the taxes due from appellee were legally placed in the hands of Clark for collection; he became responsible for their collection, and the judgment in this case is, therefore, reversed, with directions to dissolve the injunction and dismiss the action.