CASE 89—SURETY—MARCH 5, 1885.

# Jones v. Gibson, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. The surety of a sheriff who pays into the Treasury taxes due and unpaid by his principal can not, under the statute, be subrogated to the rights of the Commonwealth.

2. The courts of the State can not interfere in such matters.

3. Taxes have never been held as debts in the ordinary meaning of the word by law writers, nor have they been so held by the judiciary department of the State.

W. B. PENTICOST AND THOS. E. & E. C. WARD FOR APPELLANT.

When the claim of the Commonwealth was satisfied by the sureties of the sheriff, the debt then changed from a public debt to a private obligation, springing from the promise which the law implies. (6 Mon., 642; Johnson v. City of Louisville, 11 Bush; sections 17 and 20, article 11, chapter 92, General Statutes; 3 B. Mon., 425; 2 Caine, 747.)

No brief on file for appellees.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action in equity by a surety on a revenue bond to subject the amount of taxes due and unpaid by delinquent tax payers to the satisfaction of his demand against the defaulting sheriff.

It is alleged in the petition that B. F. Gibson was the legally qualified and acting sheriff of the county of Henderson during the years 1876, 1877 and 1878, and as such, in January of each of those years, executed the

vol. lxxxii.—36

bond required by law for the collection of the State revenue with appellant and others his sureties ; that he paid the full amount of the revenue due for the year 1876, but failed to pay into the State Treasury, as he covenanted to do, the full amount due for the years 1877 and 1878, and in consequence of his defalcation the balance due was coerced from his sureties, appellant paying thereof, for the year 1877 $1,196, for the year 1878 $2,500, and the further sum of $183, no part of which has been repaid to him by Gibson, who is now a non-resident of the State.

It is further alleged that each of the appellees were owners of property subject to taxation in that county for the years named, and the several amounts of taxes set forth in the petition were duly assessed against them, and that, although payment thereof was, in the manner required by law, demanded of each of them by Gibson as sheriff and collector, they failed to pay the sums mentioned, which, he says, are yet owing by them respectively to him. Appellant, therefore, prays in his petition to be subrogated to the alleged lien of the Commonwealth, and that judgment be rendered against them respectively for the amount thus due to Gibson, to be applied, when collected, to the satisfaction of appellant's demand against him.

The question presented on this appeal is whether, on the facts stated, appellant has a cause of action.

The sheriff and his sureties having accounted for and paid the whole revenue tax due for the years named, the Commonwealth has no longer any claim therefor against them or the tax payers. And if taxes could be properly regarded as debts founded on contract

express or implied, and enforceable by judicial proceedings, appellant might, in the case presented, subject the several amounts assessed against the delinquent tax payers to. the satisfaction of his demand against the sheriff.   But taxes have never been held by elementary law writers or courts as debts in the ordinary meaning of the word, nor have they been so treated by the legislative or judiciary departments in this State.

To prescribe the mode of collecting as well as to raise revenue belongs exclusively to the Legislature, and the necessities of the government and welfare of the tax payer require the mode should be summary and at the same time as little annoying and expensive to him as possible.   And as it has heretofore been the uniform policy and practice in this State to commit the collection of taxes for the support of the government to other agencies, we do not think it should be presumed that the Legislature intended, in any case where it is not clearly expressed, that the judiciary department should interpose and subject the tax payer to tedious and expensive litigation.

By reference to the statute it will be perceived that the officers who are to collect the taxes, and the mode of collecting are particularly and specifically provided, and summary and effective means exist for the efficient collection and indemnity of the officer appointed to collect the taxes.   He is authorized to distrain the goods and chattels owned by or in the rightful possession of the person from whom tax is due, or if there be no personal property which he can distrain for taxes he may, in the manner prescribed, levy on and sell real estate for the purpose, or may garnishee any person in-

debted to the tax payer. Moreover, he has by law the same power for five years after the expiration of his term of office to collect any arrearages of taxes which fell due during his official term, and for which tax payers are and were responsible, as he had before the expiration of his term of office.

It may be that by reason of the default of the sheriff and his non-residence appellant is now without remedy ; but the statute gave to the sheriff ample means in the first instance to collect the taxes due and five years after the expiration of his term in which to collect the arrearages of taxes. And the misfortune of appellant is to be attributed to the sheriff for whom he became a surety rather than to a defect of the law. But, however that may be, no express power is conferred by law upon the judiciary to afford the relief asked, and we do not think, in view of the settled policy of this State in regard to the mode of collecting taxes and the cost and vexation that would result to tax payers from litigation in the courts, that we have a right to imply the power to interfere. It is with the Legislature alone to afford remedies in such cases.

Judgment affirmed.