CASE 74—ACTIONS TO RECOVER TAXES.—FEB. 6.

# Campbell County, &c. v. Newport & Cincinnati Bridge Co.
## Same v. Same.
## Same v. Louisville & N. R. R. Co.
## Same v. Maysville & B. S. R. R. Co.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.  REVERSED.

TAXATION OF RAILROAD BRIDGES—ACTION TO RECOVER COUNTY TAXES—PERSON AUTHORIZED TO SUE—STATUTE PROVIDING FOR UNEQUAL TAXATION—REPEAL BY CONSTITUTION.

Held:  1. A statute authorizing an action to recover taxes due "from any railroad company" applies to taxes due from a railroad bridge company.

2. Under Kentucky Statutes section 4104, providing that taxes due from any railroad company to "any county, city, incorporated town or taxing district may be recovered by the officer authorized to receive the same by action in the name of the Commonwealth," a collector of delinquent taxes, appointed by the fiscal court, with power to receive and receipt for such taxes in the name of the county, was authorized to sue in the name of the Commonwealth, for the use of the county, to recover delinquent taxes due from a railroad company or railroad bridge company, especially as the sheriff in office when the taxes became due had gone out of office, and had been acquitted by his settlement with the county.

3. Act April 17, 1882, creating a court-house district in Campbell county, and exempting property in that district from taxation for certain county purposes, and the amendment of 1886 thereto, are inconsistent with the provisions of the present Constitution forbidding exemptions from taxation, and requiring uniformity of taxation, and were, therefore, repealed, either by that instrument at once upon its adoption, or by the general revenue law of November 11, 1892, providing for equality of taxation, except to the extent that such acts authorize the commissioners to levy a tax to pay off the outsanding court-house bonds.

Campbell County, &c. v. Newport & Cincinnati Bridge Co., &c.

C. L. RAISON, ATTORNEY FOR APPELLANTS.

These cases, two against the Newport and Cincinnati Bridge Co., one against the Louisville & Nashville R. R. Co. and one against the Maysville & Big Sandy R. R. Co., were all brought by Campbell county to enforce the collection of franchise and *ad valorem* taxes due and owing the county including penalties and interest.

The original petition was filed in the name of Campbell county and Commonwealth of Kentucky, for use of said county. By amended petition the fiscal court of Campbell county and C. L. Raison, official collector of the fiscal court of Campbell county were joined as parties plaintiffs.

The defendants demurred generally and specially.

The court sustained the demurrers, but based its decision on the ground that no right of action existed to the plaintiffs or any of them for the collection of these taxes—the court being of the opinion that there was no provision of law authorizing a suit for the collection of these taxes. The plaintiffs declining to plead further, the actions were dismissed and judgment rendered for the costs of defendants, and to reverse this judgment this appeal is prosecuted.

By consent of parties it is agreed that these four cases be heard together as they all involve substantially the same questions.

### POINTS AND AUTHORITIES.

1. The county has a lien, under section 4021, Kentucky Statutes, upon the property and franchises of the street railway company, for the franchise taxes due to Campbell county, and may enforce that lien in a court of equity, and have a sale of the property to satisfy the lien and debt due to the county. Sec. 4021, Kentucky Statutes; Baldwin v. Hewit, Aud., 88 Ky., 673; City of Middlesborough v. Coal and Iron Bank, 22 Ky. Law Rep., 380, September 15, 1900; Louisville and Jeffersonville Ferry Co. v. Com., 22 Ky. Law Rep., 480, October 1, 1900.

2. The county of Campbell, and the fiscal court of Campbell county, and the official collector of said county and court, for the collection of the franchise taxes sued for in this action, have the right to maintain this action. Sec. 1834, Kentucky Statutes; Sec. 4021, Kentucky Statutes; 25 Amer. & Eng. Enc. of Law, 313; Louisville and Jeffersonville Ferry Co. v. Com., 22 Ky. Law Rep., 480; L. & N. R. R. Co. v. Pendleton county, 96 Ky., 491; L. & N. R. R. Co. v. Bullitt county, 92 Ky., 280; Marion county v. L. & N. R. R. Co., 91 Ky., 389; Ky. Central R. R. Co., v. Com., 92 Ky., 66.

3. The property of the street railway company is not exempt from the payment of a franchise tax to the county of Campbell, by reason of, under the provisions of section 6 of the Court House Act, passed and approved April 17, 1882, vol. 2, page 569, of the session acts of 1881, providing that the property within the court house district should be exempt from the payment of an *ad valorem* tax to the county.

4. So much of the act of April 17, 1882, called the Court House Act, as provided that property in the court house district should be exempt from the payment of a county *ad valorem* tax, is unconstitutional.  Barbarer v. Louisville Board of Trade, 82 Ky., 645; Com. v. Masonic Temple Co., 87 Ky., 349; Clark v. Louisville Water Co., 14 Ky. Law Rep., 129; Covington v. Com., 19 Ky. Law Rep., 105; City of Newport v. Com., 21 Ky. Law Rep., 42.

5. Even if the act had been constitutional when it was passed, the new Constitution repealed it.  Secs. 170, 171, 172, 174, 175 and 180, Constitution; Covington v. Com., 19 Ky. Law Rep., 105; Newport v. Com., 21 Ky. Law Rep., 42.

6. A sheriff can not collect delinquent franchise taxes that were due and delinquent before he came into office.  Edwards v. Taylor, 4 Bibb., 353.

7. The county being the real party in interest, the action can be maintained in the name of the county and fiscal court for the use and benefit of the county and court.  Combs v. Breathitt county, 18 Ky. Law Rep., 809, Christian county v. Ranklin, 2 Duvall, 502; Civil Code, sec. 18.

8. The fiscal court has the power and authority to appoint a collector for these delinquent taxes.  Sec. 11, article 2, chapter 27, title, "County Levy;" General Statutes, 1873, page 273; Board of Council of Frankfort v. Farmer's Bank of Ky., 22 R., 1738.

C. J. & W. J. HELM, FOR APPELLEE.

QUESTIONS DISCUSSED AND AUTHORITIES.

Can a county maintain an action for taxes?  Central R. & B. Co. v. Commonwealth, 21 Rep., 1890; Louisvile & Jeffersonville Ferry Co. v. Commonwealth, 22 Rep., 481; Commonwealth v. Louisville, 20 Rep., 893; Louisville Water Co. v. Commonwealth, 18 Rep., 2.

Under the laws governing the collection of taxes in Campbell county, can the county and court house district collect taxes for the same purpose from the same persons and property? Campbell County v. Commissioners, Court House District, 19 Rep., 860; McArthur v. Nelson, 81 Ky., 67.

Campbell County, &c. v. Newport &- Cincinnati Bridge Co., &c.

.L. J. CRAWFORD, FOR APPELLEES.

### PROPOSITIONS ADVANCED AND AUTHORITIES CITED.

Only sheriff can sue for county taxes from railroads. secs. 4104 and 4129 Kentucky Statutes; Combs, &c., v. Breathitt County, 20th, L. R., page 529. Special demurrer not necessary when plaintiff has no right to maintain action. L. & N. R. R. Co. v. Brantley's Admr., 16th Ky. R., 691.

Campbell county court house act constitutional. McArthur v. Nelson, 4th Ky. Law Rep., 754; McReynolds v. Smallhouse, 8th Bush, 453; Cooley's Constitutional Limitations, pages 182 and 183.

Not necessary-to plead court house act.  Sec. 119, Civil Code; ·Covington v. Voskotter, 30th Ky., 219; City of Covington v. ·Hoadley, 83d Ky., 445.

Can not complain of unconstitutionality of statute unless prejudiced by its enforcement.  10 Bush, 691 and 13 Bush, 219; Cooley's Const. Lim., 164.  Revenue Act of 1892 did not abridge forms and duties of court house commissioners concerning the purposes of the original act.  21 Ky. Law Rep., 642.

·WRIGHT & ANDERSON, FOR APPELLEES.

The petition declares the fact that for governmental purposes, Campbell county during all the time for which taxes are ·claimed was divided into two parts, the northern end being what is known as the court house district.  That this district was created by an act of the Legislature passed in 1882 which was .amended in 1886, and defendant's property all lay within this ·district, and that by said act the court house district was authorized to and did levy during all of said years on all of the ·property in said district a tax of twelve cents on the $100 therein to pay interest on certain bonds, the cost of maintaining the court house including salaries of county judge and ·county attorney, etc., but exempting the property within said district from all taxation except State revenue, taking care of ·the poor and just expenses. etc.  The plaintiff claims that said acts are unconstitutional and have not been in force since the adoption of the present Constitution, and have been repealed 'by the general revenue act, and the· act relating to counties and the fiscal court passed since the adoption of the present Constitution.  The defendants assert the constitutionality of both these acts and their present existence as law.

The contention of appellees, is that the State has provided a complete scheme for the collection of all taxes due by railroad ·companies and this scheme does not include collection by suit

by the county either in its own name or in the name of any other person.

## AUTHORITIES CITED.

Act to authorize the construction of a court house in Newport and Campbell county, etc., approved April 17th, 1882; Act to amend said act approved March 13th, 1886; McLean County v. Deposit Bank, 5 Ky. Law Rep., 97; Heine v. Levy Commissioners, 19 Wallace, 655; Grand Rapids School Furniture Co. v. School District, etc., 19 Ky. Law Rep., 1610; Thompson v. Allen Co., 115 U. S., 550; Combs v. Breathitt County, 20 Ky Law Rep., 529; Commonwealth v. Blackwell, 17 Ky. Law Rep., 183; Davis, Moody & Co. v. Wiley, 3 Ky. Law Rep., 316; Davis, etc. v. Moxey, etc., 19 Ky. Law Rep., 178; Moore v. Moxey, 19 Ky. Law Rep., 160; McArthur v. Nelson, 4 Ky. Law Rep., 754; Mauget v. Plummer, 21 Ky. Law Rep., 641; Campbell County v. Commissioners' Court House District, 19 Ky. Law Rep., 860, Ky. Code, secs. 18-21; Kentucky Statutes, secs. 4129, 4104; Constitution of Kentucky, sec. 107.

EDWARD W. HINES, FOR APPELLEE, L. & N. R. R. Co.

Aside from the fact that this action, if it could be maintained at all, should have been brought by the sheriff and not by the "official collector of the fiscal court"—an officer not known to the law—the action can not be maintained for the reason that the commissioners of the court house district were alone authorized to levy and collect the taxes, and it must be presumed they had done so.   And upon this proposition the case of Campbell County   v. Comissioners of the  Court House District, 19 Rep., 860, seems to be conclusive.

If the act of March 13, 1886 creating the court house district was unconstitutional to the extent that it authorized the commissioners to levy and collect the taxes necessary to pay the district's equitable proportion of the current expenses of the county, then the county could have had no right of action against the commissioners for the recovery of such taxes collected by them under that act, and the decision of this court that the county could recover was necessarily a decision that the act was constitutional.

But as an original proposition there seems to be no constitutional objection to the act.  The commissioners of the court house district are merely given power to levy and collect the necessary taxes to pay the district's equitable proportion of the current expenses of the county, and neither the county nor the citizens of the county outside the court house dis-

Campbell County, &c. v. Newport & Cincinnati Bridge Co., &c.

trict are prejudiced thereby. The exemption from taxation *by* the county was merely a provision against double taxation, provision having already been made for taxation *for the benefit* of the county.

But even if the act was unconstitutional the county having recovered from the commissioners of the court house district the taxes collected by them from defendant can not now require defendant to pay those taxes again whether or not they were regularly collected. The defendant has contributed its equitable proportion to the payment of the general expenses of the county, and it matters not whether the payment was made directly to the county or to the commissioners of the court house district for the county.

An affirmance is asked.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

These actions being all for taxes and involving the same questions of law are by consent heard together. The case first above against Newport & Cincinnati Bridge Co. is for taxes on property assessed by the county assessor, being its bridge and certain lots in the city of Newport, and for the year 1892 to 1895. The second styled case, against the Louisville & Nashville Railroad Co. is for tax on its property as assessed by the R. R. Commission for the years 1892 to 1895. The same as to the case against Maysville & Big Sandy Railroad Company. The case last set out is against the Newport and Cincinnati Bridge Co. for taxes on its franchise assessed by the State board of valuation and assessment for the years 1893 to 1896.

The last named action is brought in the name of Campbell county and the Commonwealth of Kentucky for the use of Campbell county and a special demurrer as to the right and power of the named plaintiffs to sue being sustained an amendment was filed adding as plaintiffs the fiscal court of Campbell county and C. L. Raison, Jr., official collector of the fiscal court, for the use of Campbell county.

In the other three cases the plaintiff is Campbell county fiscal court of Campbell county, C. L. Raison, Jr., official collector of taxes and the Commonwealth of Kentucky for the use of Campbell county.

The petitions state the fact of the levy of the tax rate, the regular assessment of the property by the proper authority for each of the different years, and that the taxes due had not been paid.

In the several amendments filed to the petitions the pleader anticipated the probable defense of appellees and pleaded that their contention was, and is, that their property was and is exempt from taxation in Campbell county or rather by Campbell county by reason of the provisions of an act of April 17, 1882, as amended by the Acts of March 13, 1886, and March 15, 1898, concerning the court house district in Campbell county. Appellants then pleaded that the acts, in so far as an exemption from taxation is given or attempted to be given, is unconstitutional and void, and pleads that appellees are not exempted from taxation by Campbell county. To these several petitions as amended the court sustained a special demurrer to the right to maintain the action as well as a general demurrer to the right to recover, and dismissed the actions, from that judgment this appeal is prosecuted.

The questions that are presented for our consideration are (1), the right of the county, either by itself, by its fiscal court, by the Commonwealth, or by the back tax collector appointed by the fiscal court, for the use and benefit of the county to maintain an action for taxes due it and (2) the constitutionality of the several acts of the Legislature exempting property from taxation by the county of Campbell, where it is situated within the taxing district created by the act of 1882.

These questions we will discuss in their order.

It is insisted by appellant that by section 4021, Kentucky Statutes, authority and power is given to the county to sue for taxes due. The section reads:

"The Commonwealth, and each county, incorporated city, town and taxing district, shall have a lien on the property assessed for the taxes due them respectively which shall not be defeated by gift, devise, sale, alienation, or any means whatever, unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and costs incident to the same, etc."

It is also contended that by section 4104 of Kentucky Statutes, authority to sue for taxes is expressly conferred. That section reads:

"Taxes, penalties and interest due the Commonwealth from any railroad company may be recovered by the auditor of public accounts, by action in the name of the Commonwealth, in the Franklin Circuit Court; and those due any county, city, incorporated town, or taxing district, may be recovered by the officer authorized to receive same by action in the name of the Commonwealth in any court of competent jurisdiction."

It will be noticed that this section, 4104, applies to railroads alone by its terms. However, in the case of Henderson Bridge Co. v. City of Henderson, 90 Ky., 498; (12 R., 414) it was held that this section applied also to railroad bridges. The ruling was recently followed in Louisville Bridge Co. v. City of Louisville, 23 R., 1665, (65 S. W., 815), decided December 19, 1901.

It is insisted by appellees railroad companies, that while actions can be maintained against them for unpaid taxes in

the name of the Commonwealth for the use of the county that authority to institute such actions lies only in the sheriff, and that it affirmatively appears here that the action is instituted by C. L. Raison, Jr., who is not the sheriff of Campbell county, the action could not be maintained.

In the language of the section the officer authorized to receive the taxes may by action in the name of the Commonwealth recover the taxes. The petition herein shows that Raison was an officer of the fiscal court of Campbell county, authorized to receive these taxes and to receipt therefor in the name of the county, and it further appears that the sheriff in office when the taxes were due had gone out of office and had been acquitted by his settlement with the county, and therefore he had no right, power or authority to receive these taxes. As they were taxes due the county prior to the term of office of the incumbent sheriff, the fiscal court might or not in its discretion have certified these taxes to the then sheriff or collector, of current taxes. If the fiscal court desired, it had a right to appoint a collector of past, due and delinquent taxes, and such appointee was the officer authorized to receive such taxes and might under section 4104, recover same by action in the name of the Commonwealth for the use of the county.

However, in the case of Louisville Bridge Company against City of Louisville, supra, this court held that under section 4021, there was authority given to sue for taxes so far as the city of Louisville was concerned. Under the provisions of the section the county and taxing district are placed on the same footing as the city. We conclude therefore that appellant had authority to maintain the actions for these taxes by reason of the sections of the statute quoted. This court expressly so held in the Louisville

Bridge case, after a careful review of the authorities, recognizing the general rule that no action for taxes could be maintained without legislative authority, and then deciding that these acts conferred the necessary authority.

It would follow therefore that the special demurrer should have been overruled.

The question as to the validity of the exemption granted by the court house district acts might have been left to a demurrer to an answer pleading such exemption or immunity, but as the validity of the several acts was questioned in the several petitions and a demurrer thereto sustained, the question is fairly presented. Section (6) of the act of April 17, 1882, provides:

"The citizens living within the district above described shall hereafter be exempt from the payment of a poll-tax, and the property within said district shall be exempt from all taxation except for State revenue, for county roads, for taking care of the poor, court and jail expenses, and the Highland district, and the cities of Newport and Dayton, and the town of Bellevue, for the purposes now authorized by law."

By the amendment of 1886, the court house district through its commissioners were authorized to levy taxes to pay a portion of the salaries of the county officers and for maintaining the Court House built in Newport. By an act of 1898, section (6), supra, of the act of 1882 was expressly repealed, as also, so much of the act of 1886 as authorized a levy of taxes to pay, and to pay portion of the salary of the county officers.

There is no question as to the constitutionality of the act of 1882, and amendment of 1886, under the Constitution prior to that adopted September 28, 1891. But it is insisted that by the present Constitution the act of 1882 and

amendment of 1886 was repealed because in direct conflict therewith.

Section 171 Constitution reads: "Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws."

Section 170 after naming property exempt from taxation provides: "And all laws exempting or commuting property from taxation other than the property above mentioned, shall be void."

Section 175 reads: "The power to tax property shall not be surrendered or suspended by any contract or grant to which the Commonwealth shall be a party."

The schedule to the Constitution provides: "The provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption except that all laws which are inconsistent with such provisions as require legislation to enforce them shall remain in force until such legislation is had, but not longer than six years after the adoption of this Constitution, unless sooner amended or repealed by the General Assembly."

It is perfectly clear that if the act of 1882, even as amended by the act of 1886, is in force, that taxation throughout Campbell county will not be equal and uniform under the authority of the levy made by the fiscal court. The fiscal court could only levy tax on property within the court house district for certain named purposes, viz.: for county roads, for the poor, and for the court and jail expenses, under that act, while in the other part of the county, outside that district, the taxes could be levied for all county purposes. This was unequal taxation. Again, the exemption accorded to persons and property within the

court house district is within the express prohibition of the Constitution.

By the schedule of the Constitution quoted, it is clear that the inconsistent law was repealed by the Constitution itself, and by the clear meaning of the Constitution there could be no law in force longer than six years, if the law was inconsistent with the provisions of the Constitution, and were such laws that could be altered, amended or repealed.

As the original act was passed in 1882, it was subject to repeal, alteration or amendment unless such change or repeal would change the obligation of a contract lawfully made thereunder.

The question then presented is whether the repeal took place on the adoption of the Constitution itself on September 28, 1891, or whether it was within the six year period and was repealed in 1897.

The language of the schedule is that all inconsistent laws shall cease upon the adoption except that laws that are inconsistent with some provision of the Constitution, that requires legislation to enforce, or, in other words, inconsistent with some provision of the Constitution that is not self-executing, may remain till the necessary legislation giving force to the Constitution is provided.

In the case here the provision of the Constitution prohibiting exemption from taxation is self-executing, that requiring uniform taxation, may not have been self-executing (a question unnecessary to determine), but if not self-executing, the necessary legislation was passed by the general revenue act of November 11, 1892, under which the taxes here claimed was assessed and levied.

So that, if legislation was necessary to give force to section 171, providing for equal taxation throughout the

territorial limits levying the tax, that legislation was had in November, 1892.

In our opinion, therefore, the whole of the acts of 1882, and the amendatory act of 1886, except that part relating to levying the tax necessary to pay off the outstanding Court House bonds of that district and the powers and duties of the Commissioners to that end alone, was repealed, if not by the Constitution itself, by the passage of the general revenue act of November 11, 1892.

If there was outstanding bonds executed by the Court House district to pay for the building, the power would remain in the Commissioners under the act to provide for their payment, and for that purpose alone the act remained in force. If no such bonds or obligations existed, or when such obligations have been satisfied, the foundation upon which the act stands to prevent repeal by the Constitution and act of 1892, that of contract will be taken away and the act will stand repealed *in toto*.

We therefore hold that there remains in force of the three acts of 1882, 1886 and 1898 only as much thereof as authorizes the commissioners to levy a tax, within the limits therein provided, for the purpose of paying off the bonds executed and outstanding and given for the purpose of erecting the court house in Newport, and when that purpose shall have been fully met, and the obligation arising thereby shall have been discharged the act will cease to have force and vitality.

It therefore follows that the petition is sufficient and the general demurrer thereto should have been overruled. For the reasons indicated, the judgments are each reversed and causes remanded for further proceedings in each consistent herewith.

Whole court sitting and concurring herein.

Petition for rehearing by appellee overruled.