Case 24.—SEPARATE ACTIONS BY THE COMMONWEALTH AGAINST FAY INGALLS AND THE C. & O. RY. CO. AND THE MAYSVILLE & B. S. RY. CO., AND AGAINST GEO. BLISS AND SAID RAILROAD COMPANIES, TO RECOVER TAXES.—October 12.

## Commonwealth v. Ingalls, &c.

## Same v. Bliss, &c.

Appeals from Kenton Circuit Court.

JAMES P. TARVIN, Circuit Judge.

From a judgment for defendants in each case the Commonwealth appeals. Affirmed.

1. Taxation—Assessment Against Wrong Person—Payment—Reassessment—Ky. Stats. 1903, sec. 4023, provides that the holder of the legal title and the holder of the equitable title and the claimant or bailee in possession of property shall be liable for the taxes thereon. Sec. 4024 provides that all estate, real or personal, shall be assessed for taxation, and the taxes paid by the owner thereof. Sec. 4049 provides that real estate shall be listed in the county or district where situated against

Commonwealth v. Ingalls, &c.

the owner of the first freehold estate therein. Held—That, where a tax on land has been assessed to and paid by another than the true owner, the State can not again assess the land for the same year in the name of the true owner and compel him to also pay the taxes thereon.

2. Same—Railroads—Ownership of Property—Ky. Stats. 1903, sec. 4023, provides that the holder of the legal title and the holder of the equitable title and the claimant or bailee in possession of property shall be liable for the taxes thereon. Sec. 4024 provides that all estate, real or personal, shall be assessed for taxation, and the taxes paid by the owner thereof. Sec. 4049 provides that real estate shall be listed in the county or district where situated against the owner of the first freehold estate therein. Sec. 4096 requires the president of a railroad to return to the Auditor of Public Accounts a sworn statement of the length of the railroad, the average value per mile thereof, and a list of the depot grounds and improvements and other real estate of the railroad and the value thereof. Held — That railroads are assessed for taxation as entireties, all their property, whether owned or leased, used in the operation of the road, being deemed for the purposes of assessment one piece of property, and the taxing officer is not required to see whether each parcel of land occupied and operated by a railroad is owned by it or is merely leased, but the railroad will be considered as the owner, for purposes of taxation, of all the property which it uses in its business.

3. Same—Powers of Taxing Officer—Property Wrongfully Held— Taxing officers are not intrusted with the power of passing on the question whether a railroad owns property not necessary or proper for its use and which it is not authorized to own by its charter or the laws of the State.

ROBERT C. SIMMONS for appellant.

N. B. HAYS, Attorney General, and FRANK TRACY of counsel.

AUTHORITIES CITED.

1. As to construction of lease. (Commonwealth v. C. & O. Ry. Co., 14 Ky. Law Rep., 682.)

2. As to assessment of railroad property. (L. & N. R. R. Co. v. Warren County Court, 5 Bush, 243; R. R. Co. v. Berks, 6 Pa. St., 70; Wayne Co. v. Delaware R. R. Co., 15 Pa. St., 351; Erie County v. Erie Transportation Co., 87 Pa. St., 437; New Jersey R. R. Co. v. Hancock, 33 N. J. Law, 315; Cape May R. R. Co. v.

Collector, &c., 38 N. J. Law, 270; Inhabitants of Worcester v.
Western R. R. Co., 4 Metc. (Mass.), 564; Eldridge v. Smith, 34
Vt., 484; Milwaukee & St. P. R. Co. v. Milwaukee, 34 Wis., 271;
secs. 768, 769, 835, Ky. Stats.)

3. As to requirement that railroad must own property of this
character, to permit of its assessment by railroad commission.
(Ex rel. Glenn v. Miss. River Bridge Co., 109 Mo., 253; Rev. Stats.
of Missourt, 1889, secs. 7717, et seq.; Gen. Stats. New Jersey, 1896,
3324, et seq.; R. R. Co. v. Williams, 53 Ark., 58; Chicago &
Alton R. R. Co. v. People ex rel. Windmiller, 153 Ill., 409; Cov.
& Cin. E. R. R. & T. & B. Co. v. O'Meara, 19 Ky Law Rep., 1438.)

4. The construction claimed by appellees is not justified by the
Constitution. (Constitution, secs. 182, 192, 210; Cooley Consti-
tutional Limitations, 218, 6th Ed.).

5. Purpose to convert said property into railroad property in
the future does not affect its present status. (State v. St. Louis
& Santa Fe R. R. Co., 117 Mo., 1; United N. J. R. R. Co. v.
Jersey City, 53 N. J. L., 547.)

6. As to the claim of estoppel. (C., B. & Q. v. People, 136 Ill.,
660; Citizens Bank v. Commonwealth, 25 Ky. Law Rep., 2254.)

7. Cases examined and distinguished. (C., B. & Q. R. Co. v.
Richardson County, 85 N. W. Rep., 532; Owensboro v. O'Cal-
laghan, 25 Ky. Law Rep., 629.)

GALVIN & GALVIN for appellees.

### AUTHORITIES CITED.

1. Statutes involved. (Sec. 4070, Ky. Stats.; chap. 92, art. 3,
p. 1042, et seq.; Gen. Stats. of Ky., Ed. of 1887; secs. 4096 to 4104,
Ky. Stats., Carroll's Ed., 1899.)

2. History of railroad taxing legislation. (Applegate v. Ernst, 3
Bush, 648; 1 Acts 1876, p. 78; 1 Acts 1878, p. 82; 1 Acts 1881-2,
p. 66; C., N. O. & T. P. Ry. Co. v. Commonwealth, 81 Ky., 492;
C., N. O. & T. P. Ry. Co v Commonwealth, 115 U S., 321; sec.
182, Constitution of Ky.; L. & N. R. R. Co. v. City of Louisville,
16 Ky. Law Rep., 796; Commonwealth v. Union Refg. Co., 26
Ky. Law Rep., 23.)

3. Meaning of sec. 4096. (L. & N. R. R. Co. v. Warren County,
5 Bush, 243; sec. 768, Ky. Stats.)

4. Railroad tax statutes of other States. (Missouri Stats.; Ar-
kansas Stats.; Illinois Stats.; art. 3, chap. 92, Gen. Stats.)

5. Property owned for purposes of taxation by railroads. (C.,
N. O. & T. P. Ry. Co. v. Commonwealth, 81 Ky., 492; In re Erie
Railroad Co., 65 New Jersey Law, 608; s. c. 48 Atlantic Rep., 601,
21 Amer. & Eng. R. R. Cases, new series, 695; Hoboken R. tax

Commonwealth v. Ingalls, &c.

case,-62 New Jersey Law, 561; C., B. & Q. R. R. Co. v. Richardson County, 61 Neb., 519; s. c., 85 N. W. Rep., 532, 21 Am. & Eng. R. R. cases, new series, 702; Cov. & Cin. E. R. R. & T. & B. Co. v. O'Meara, Sheriff, 19 Ky. Law Rep., 1438; Chicago, Milwaukee & St. Paul Ry. Co. v. Grant, 167 Ill., 489; sec. 4023, Ky. Stats.; sec. 4024, Ky. Stats.; Bouvier's Law Dictionary, definition of "owner;" Am. & Eng. Ency. of Law, vol. 17, pp. 299, 300; B. & O. R. R. Co. v. Walker, 45 Ohio State, 577; In re Pennsylvania R. R. Co., 22 Am. & Eng. R. R. cases, new series, 78; s. c., 49 Atlantic Rep., 543; N. Y. Guaranty & Indemnity Co. v. Tacoma Ry. & Motor Co., 93 Fed. Rep., 51; Commonwealth v. N., C. & St. L. R. R. Co., 93 Ky., 430; Huck v. C. & A. R. R. Co., 86 Ill., 352; Commonwealth, for Greenup County v. C. & O. Ry. Co., &c., 14 Ky. Law Rep., 681.)

6. Constitutional provisions.   (Sec. 182, Constitution; C., N. O. & T. P. Ry. v. Commonwealth, 81 Ky., 492; s. c., 115 U. S., 321; secs. 192 and 210, Constitution.)

7. Public policy involved in construction of sec. 4096.   (Cass County v. C., B. & Q. R. R. Co., 25 Neb., 348—overruled in C., B. & Q. R. R. Co. v. Richardson County, 61 Neb., 519; State v. St. L. & Santa Fe R. R., 117 Mo., 1; C., B. & Q. R. R. v. The People, 136 Ill., 660.)

8. Estoppel by payment on assessment by railroad commission. (City of Philadelphia v. Ridge Ave. P. Ry. Co., 142 Pa. St., 484; Spalding v. O'Callaghan's Ex'or, 25 Ky. Law Rep., 629.)

OPINION BY JUDGE O'REAR—Affirming.

These actions, involving similar questions, were instituted under sec. 4153, Ky. Stats. 1903, for the possession of property of appellees Ingalls and Bliss, alleged to have been duly assessed by the assessor of Kenton county for State and county taxes for 1895-6. The taxes having become in arrears, the property was sold and bid in by the State.   The property involved in the Bliss suit constituted the roundhouse, machine shops, and other terminal accessories of appellee railroad companies at Covington, Ky., acquired by them from the Kentucky Central R. R. Co., which in turn had used them as a part of its railroad system for a great many years.   The title, however, had been taken in the name of Bliss with a

perpetual lease to the railroad company at a fixed rental and the payment of taxes, etc., with a provision for the termination of the lease upon a default in the payment of the rentals reserved. The property of the Ingalls case is a residence property in the city of Covington, within the right of way authorized to be condemned -or otherwise acquired by appellee railroad companies for the building and maintenance of their tracks, and was acquired by the railroad companies with the purpose in view to so apply the land where the house is located. For some reason not explained the purpose has not been carried into effect, and the property is merely rented out until the railroad companies widen their track grade at that point. The legal title was taken to Ingalls with a like lease to the other. In both cases the railroad companies have returned these properties in their reports to the railroad commissioners for the years in question, who valued them and assessed them as part of the tangible property of the railroad companies, who have paid the taxes to the State and county on such assessments. The assessment by the county assessor of Kenton county, if legal, and if the taxes are distrained, would ·subject the same property to assessment and the payment of taxes twice in the same year to the same sovereignty.

The real question sought to be raised on this appeal is as to the effect of the following statute, under which appellees claim to have the right to have said property assessed as railroad property, to wit:

"Sec. 4096. That the president or chief officer of each railroad company, or other corporation owning or operating a railroad lying in whole or in part in this State, shall, on or before the first of September in each year, return to the Auditor of Public Ac-

counts of the State, under oath, the total length of such railroad, including the length thereof beyond the limits of the State, and designating its length within the State, and in each county, city, incorporated town and taxing district therein, together with the average value per mile thereof, and in the respective counties, incorporated towns and taxing districts therein, together with the average value per mile thereof, for the purpose of being operated as a carrier of freight and passengers, including engines and cars, and a list of the depot grounds and improvements, and other real estate of the said company and the value thereof, and the respective counties, cities and incorporated towns in which the same are located. That if any of said railroad companies owns or operates a railroad or railroads out of this State, the president or chief officer of such company shall only be required to return such proportion of the entire value of all its rolling stock as the number of miles of its railroad in this State bears to the whole number of miles operated by said company in and out of this State. Said report shall be made as of the first day of July, and a failure to file said report by' the first day of September shall subject the president or chief officer residing in this State to a fine of one thousand dollars, and fifty dollars for every day after the first of September that he fails to file said report, to be recovered as indicated by section four thousand one hundred and four of this article."

Other provisions of the statutes governing the assessment of property generally are these, sections 4024 and 4049, which are as follows:

·"Sec. 4024. All estate, real and personal, and all interest in such estate, named and specified in the tax books, shall be assessed for taxation, and the tax

paid by the owner thereof to the persons authorized by law to receive the same, unless otherwise specially provided.

"Sec. 4049. Real estate, or any interest therein, shall be listed in the county or district where situated, against the owner of the first freehold estate therein. If the owner fails to list the same, the assessor shall, nevertheless, list all lands in his county; and to enable him to ascertain the person in whose name to make the list, he is empowered to swear witnesses, and their statements must be put in writing and returned with the tax book, and a note or reference made in the proof in the listing of the land."

The question of title is seriously argued. The contention of appellant is that, no matter whether the tax has been actually paid on the land, if not assessed in the name of the real owner, it may nevertheless be assessed in his name, and he be compelled also to pay the taxes on it. Such, however, does not seem to have been the intention of the Legislature.

By sec. 4023, Ky. Stats. 1903, it is declared that the holder of the legal title and the holder of the equitable title and the claimant or bailee in possession of property shall be liable for the taxes thereon. It is nowhere suggested that all of them shall be liable, whether or not any of them has paid the tax. The object was to insure that the property paid the tax once. It was not deemed material to the State which of those made responsible for it paid it. (Commonwealth v. Gaines & Co., 80 Ky., 489, 4 Ky. Law Rep., 379.)

It was held by us in Spalding, Revenue Agent v. O'Callaghan, 76 S. W., 189, 25 Ky. Law Rep., 629, in construing the last-named section of the statutes, that, if the State once assesses the property for a given year and collects the taxes upon it, it can not

thereafter reassess the same property for the same year in the name of another, though the latter be the real owner, and collect the tax again.

But we are not prepared to say that the property was wrongfully assessed in the name of the railroad company in this instance. We do not find it necessary to determine the nature of the estate in the property owned by the railroads, and that owned by Bliss and Ingalls. Railroads are assessed for taxation in this State as entireties. All their property, including that owned and leased, used in the operation of the lines of railways as carriers of freight and passengers, is deemed, for the purposes of assessment, one piece of property. It is valued and assessed accordingly. All its earnings, whether from property owned or leased, are considered in estimating the value of its franchise. There is no policy of taxation better settled in this State than that of treating railroad properties as entireties for these purposes. (Applegate v. Ernst, 3 Bush, 648, 96 Am. Dec., 272.)

It has been found by long experience—indeed by the common experience of most, if not all, the States —that the method of assessing and taxing railroads as entireties is the most just and satisfactory method. All the property that they are authorized or permitted to own or hold for the purpose for which they were created is grouped and valued for taxation, without respect to title further than is necessary to fix its responsibility for the tax upon the corporation actually in the control or operation of it. If the real owner sees fit to put it into the hands of a railroad company for use as a railroad property, and as part of the railroad company's system, he can not complain that it is made liable for the railroad company's taxes, so long as he is not also

made liable therefor. The policy of the State in this respect concerns, not alone its revenue, but also the preservation from segregation by the several municipalities of these important instruments of public service, to the detriment of public convenience and welfare. Nor should the taxing officer, whose duty it is to assess railroad properties, be put to it to see whether each parcel of land actually occupied and operated by a railroad is owned by it, whether each depot, and each turntable, repair shop, or section house, is on leased ground, or is owned by the corporation in its own right. The practical result aimed at in the legislation on this subject is to once reach all property used by the railroad company in its business, and to tax it once. This is best and most surely done under the construction which treats the corporation as "owner," for purposes of taxation, of all the property it has and uses in its business of operating a railroad. If the corporation owns property not necessary or proper for its use, nor such as is allowed by its charter or the laws of the State, the Attorney General, or other law officer whose duty it may be, can take appropriate steps to divest it of it. But it would not be safe to intrust, nor has it been intrusted, to taxing officers to pass upon such questions.

The judgment of the circuit court dismissing appellant's petition is affirmed in each case.

JUDGE CANTRILL, absent.