# Commonwealth et al., ex rel. Martin, Commissioner of Revenue, v. Stone.

June 20, 1939.

Thomas A. Ballantine, Special Judge.

244

Lawrence S. Grauman and Robert L. Sloss for appellants.

Oscar O. Bader amicus curiae.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Affirming.

On July 31, 1931, and each year thereafter, including July 1, 1936, Sam H. Stone was the holder of the legal and equitable titles to certain real estate located in Jefferson County, Kentucky, which was assessed for state, county and school taxes for those respective years. He failed to pay the taxes and the real estate was sold by the sheriff of Jefferson county and purchased by the state for the amount of the taxes, penalties and costs.

In March, 1939, the appellants brought this suit in the Jefferson circuit court pleading the facts indicated above and further alleging that the sales or attempted sales of real estate in satisfaction of said taxes were void and asked that the sales be set aside and sought to be adjudged a lien against the real estate for the taxes, and further sought personal judgment against Stone for the amount of the taxes in addition to the lien on the real estate.

Stone was duly summoned, but filed no answer to the action and in due course appellants prepared and tendered a judgment by default adjudging that the respective taxing authorities have a lien against the property for the taxes and also a personal judgment against Stone. The chancellor entered so much of the judgment as adjudged appellants a lien against the property for taxes, but refused to render a personal judgment against Stone. Appellants have appealed seeking a reversal of the judgment upon the ground that they were entitled to a personal judgment against Stone in addition to the lien against the real estate.

Appellants rely chiefly upon Sections 4023 and 4036 of the Kentucky Statutes.

Section 4023 of the Statutes, insofar as it is pertinent, reads:

"The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property on the first day of July of the year the assessment is made, shall be liable for taxes thereon; but, as between themselves it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment. * * *"

Section 4036 of the Statutes, provides that whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, except where the owner has paid his taxes and has a receipt for same, the purchaser shall have a lien on the property for the amount of taxes and costs paid by him, and for which the property is liable, with legal interest which may be recovered from the owner of the property or person owning the same.

It is conceded that the purported sales of the property in question in satisfaction of said taxes were void, and the sole question involved on this appeal is, whether or not appellants are entitled to a personal judgment against Stone, the owner of the property.

Appellants insist that the language of Section 4023 of the Statutes, "the holder of the legal title * * * shall be liable for taxes thereon," means that in addition to a lien against the property for taxes, the holder of such title mentioned in the statute, shall be personally liable and that a personal judgment may be rendered against him and the amount of taxes may be collected out of any other property or assets of the holder of the title, the same as any other debt. To sustain their position, appellants cite and rely upon Campbell County v. Newport & Cincinnati Bridge Company, 112 Ky. 659, 66 S. W. 526, 23 Ky. Law Rep. 2056. That action was based on Section 4104 of our Statutes, providing for the manner of collection of taxes due the commonwealth from any railroad or bridge company. It is provided that such taxes may be recovered by the auditor of public accounts, by action in the name of the commonwealth in the Franklin circuit court. It is thus seen that the

opinion in that case is based upon a special statute providing for the collection of taxes due the commonwealth from railroads and bridge companies. We do not think it has application to the collection of taxes against real estate owned by individuals. Appellants also cite the case of Louisville & Jeffersonville Ferry Co. v. Commonwealth, 108 Ky. 717, 57 S. W. 624, 626, 22 Ky. Law Rep. 446, 480. That case, like the case supra, has no relation to the collection of taxes assessed against real estate, but deals primarily with the collection of franchise taxes. Certain other cases are referred to and discussed in brief of appellants, which deal with the question of liability for taxes as between the owner of property when it was assessed, and the subsequent purchaser of the property within a certain time after the assessment was made. We do not think these cases have any bearing on the question involved in the present case.

To hold the owner of real estate personally liable for taxes assessed against real estate, as between the owner and the taxing authorities, would be in effect classifying such taxes as a debt in the ordinary meaning of the word. In Jones v. Gibson, 82 Ky. 561, it is held that taxes have never been held by elementary law writers, or courts, as debts in the ordinary meaning of the word, nor have they been so treated by the legislative or judiciary departments of this state. Also, in Anderson v. City of Mayfield, 93 Ky. 230, 19 S. W. 598, 14 Ky. Law Rep. 370, it is said:

"A tax grows out of a duty, and not out of contract. It is not collectible by suit unless expressly authorized. It is not a demand founded upon a contract or a judgment." See, to the same effect, Baldwin v. Hewitt, 88 Ky. 673, 11 S. W. 803, 11 Ky. Law Rep. 199; McLean County Precinct v. Deposit Bank of Owensboro, 81 Ky. 254.

In Newport & Cincinnati Bridge Company v. Douglass, 12 Bush 673, 75 Ky. 673, it is said:

"The tax is not a mere debt due from the citizen to the government, and the courts have no power to treat it as a debt without the express sanction of the legislature." See also 26 R. C. L. Sections 11, 339, 380, 61 C. J. Section 1353, P. 1040; Cooley on Taxation, Vol. 1 (4th Ed.) Section 22; Vol. 3, (4th Ed.) Section 1326.

Appellants do not contend that such taxes as are here involved constitute a debt for which a personal judgment may be rendered against the owner of the property, in the absence of statutory authority for such proceeding. It is argued, however, that Section 4023 of the Statutes furnishes such authority.

If it be conceded that the language in Section 4023 of the Statutes is more or less ambiguous, yet under the rule that tax laws are construed more strictly against the taxing authorities, we do not think that the statute is susceptible to the construction contended for by appellants. It is our view that the statute (Section 4023) has reference to liability for the taxes as between the class of persons mentioned therein, namely, the holder of the legal title, the equitable title and claimant or bailee in possession of the property when the assessment is made, and as between vendor and purchaser; but does not undertake to hold any of the holders of such titles mentioned personally responsible to the taxing authorities to the extent of subjecting them to a personal judgment as though the tax were a debt.

In Montgomery v. Montgomery, 119 Ky. 761, 78 S. W. 465, 80 S. W. 1108, 25 Ky. Law Rep. 1682, 2018, it is held that Sections 4023, 4033, and 4035, Kentucky Statutes, were intended to fix the liability for the tax as between the persons prima facie liable therefor and from any of whom the state may have exacted its payment and fixes the ultimate liability as between the persons liable and give a right of action against such one in favor of the other who pays. See also Commonwealth v. Ingalls, 121 Ky. 194, 89 S. W. 156, 28 Ky. Law Rep. 164.

The Kentucky cases cited, supra, were rendered many years ago; but we find that Section 4023 of our Statutes has been the law of this state since 1873. That section has been amended a number of times since it was first adopted, but we find only a technical change in the phraseology or language used, but no change in the substance or meaning of the language. These statutes have been many times involved in tax litigation, but we are cited to no opinion of this court holding that the owner of real estate is personally liable to the taxing authorities for taxes assessed against his property to the extent that a personal judgment may be had against him and that the amount of such taxes may be collected by execution or other method of collecting a debt.

248

Notwithstanding the apparent ambiguity in the statute, it appears that the legislative body of this state with the knowledge of the construction placed on that statute by this court, holding that such taxes are not "debts" in the ordinary meaning of the word, and for which the owner of the real estate is not personally liable, no action had been taken by the legislature specifically providing for such personal liability, until the first special session of the 1938 General Assembly. Chapter 4 of that Act, now Section 4114h-11 Kentucky Statutes, provides among other things, that "Every tax imposed by law, and all increases, penalties and interest thereon, shall constitute and be a personal debt of the person, or persons, liable for the payment thereof from the time the tax becomes due until paid."

Evidently, the legislature did not consider Section 4023 sufficient to warrant a personal judgment against the owner of real estate for taxes assessed against it, previous to the 1938 Act, and therefore, specifically profided in the 1938 Act that every tax imposed by law shall constitute and be a personal debt of the person liable for the payment thereof. It is thus seen that we now have express statutory authority for appellants' position. But there is no contention that the 1938 Act has a retroactive effect, or otherwise applicable to the taxes in question.

We conclude, therefore, that the chancellor properly refused to render a personal judgment against the appellee.

Judgment affirmed.

Whole Court sitting.