**VESTAL LUMBER CO. et al.**

v.

**CLARK et al.**

Court of Appeals of Kentucky.

June 4, 1954.

Wm. A. Hamm and Boyd F. Taylor, Jr., London, for appellant.

Eugene H. Clark, Manchester, pro se.

Pleaz Wm. Mobley, Manchester, pro se.

STEWART, Justice.

On this appeal the question is whether appellees, Eugene H. Clark and Pleaz W. Mobley, are entitled to an allowance of attorney fees, based upon the facts hereinafter set forth.

On November 20, 1952, one Jim Henson was killed in an accident near Manchester in Clay County while in the employ of appellant, Vestal Lumber Company. Both the employer and the deceased were operating under the provisions of the Workmen's

Compensation Act. Thereafter, the insurance carrier, Travelers Insurance Company, entered into negotiations with the widow of the deceased which resulted in an agreed settlement of her claim for compensation benefits. The settlement was approved by the Workmen's Compensation Board on February 17, 1953. The award was in the sum of $7800, payable in 400 weekly installments of $19.50 each.

Appellees on March 10, 1953, filed with the Board a motion for an allowance of attorney fees, and requested it to direct the employer, or its insurance carrier, to commute a sufficient number of the last payments to the widow, not to exceed 12½% of the total amount due her, and to order 12½% of the amount of the award to be added thereto by the employer, or its insurance carrier, which two sums totaling $1950, when reduced to cash, should then be paid appellees in a lump sum for their services.

An affidavit of appellees accompanied the motion wherein it was alleged in substance that the widow and the administrator of the estate of Jim Henson employed the two attorneys on or about December 1, 1952, to prosecute the claim arising from the death of Jim Henson to a conclusion; that soon thereafter they notified the lumber company of their employment; that they performed certain legal services in behalf of their clients; and that the lumber company and its insurance carrier, although they knew appellees had been retained in the case as attorneys, dealt exclusively with the widow and ignored appellees when the settlement was finally made with her.

John E. Wise, an insurance adjuster for Travelers Insurance Company, filed a response in the form of a counter affidavit, stating therein that he had handled all the details pertaining to the settlement made by the insurance carrier with the widow for compensation benefits to which she and the children of decedent were entitled. He denied he had any knowledge at any time that appellees represented the widow or the administrator of the estate of the decedent.

Furthermore, he averred appellees performed no acts to assist the widow in obtaining her benefits under the compensation act. The employment of appellees was not contradicted. An original letter filed with Wise's counter affidavit as an exhibit, dated December 31, 1952, written on the letter head of appellee, Clark, and addressed to the lumber company, undoubtedly gave the latter timely notice that appellees were the attorneys in the case at bar, because it fully set forth the facts pertaining to their employment.

In a full Board opinion handed down later the motion of appellees for attorney fees was dismissed upon the theory that they failed to give any notice of their employment to either the lumber company or its insurance carrier prior to the time the settlement was consummated with the widow.

Appellees promptly filed a petition for review before the Clay Circuit Court, making the widow and the administrator of the estate of Jim Henson, deceased, parties defendant thereto. The lower court found that appellees had been employed by the widow and the administrator to represent them in the case at bar; found that the lumber company and its insurance carrier had knowledge of this employment when they made settlement with the widow; and found that appellees had rendered legal services of a beneficial nature to the widow. The court then vacated the order of the Board and referred the case back to it with directions that it allow appellees "a reasonable fee and adequate compensation for their services." This appeal is from the judgment entered.

 The motion for attorney fees is bottomed upon KRS 342.320(2), Acts of 1952, Chapter 182, § 12, pursuant to which the Board was required to fix a fee for a claimant's attorney in a compensation case in a sum equal to 25% of the award, one-half of which was to be added to the award and paid by the employer and the other one-half of which was to be commuted from the last payments due the claimant. In the recent case of Burns v. Shepherd, Ky., 264

956

S.W.2d 685, 688, we held this 1952 enactment invalid in its entirety. However, in that opinion we made this pertinent statement which is applicable here: "This does not mean that we are left without any provisions in the Workmen's Compensation Act relating to attorney fees. An unconstitutional law cannot operate to supersede an existing valid law. Since KRS 342.320 (2) is an amendatory Act, it did not supersede the valid prior provisions of KRS 342.320 relating to attorney fees."

■■ This brings us to a consideration of appellants' contention that the lower court erred in reversing the full Board order which rejected appellees' claim for attorney fees. This order, as we have previously stated, based its denial of appellees' right to attorney fees upon the sole ground that the settlement with the widow was completed before the lumber company or its insurance carrier knew of appellees' employment. We do not believe the record before the Board will support this conclusion. The letter heretofore referred to of appellee, Clark, dated December 31, 1952, informed the lumber company of appellees' employment as attorneys in the case long before the settlement was effected. This communication was mailed to the lumber company on or about that date and it completely refutes the finding of fact of the Board that timely notice was not given. This vital evidence, which was never overcome by counter proof, was supplied by the adjuster of the insurance carrier, so that there can be no doubt that knowledge of appellees' employment was brought home seasonably to the lumber company, and this was also notice to its insurance carrier.

■ We have alluded to the findings of the lower court to the effect that appellees established their employment by the widow and the administrator of the decedent's estate and that they gave legal aid to their clients. There is sufficient evidence to sustain these two findings. For the reasons given, the lower court correctly vacated the order of the Board and properly directed it to allow appellees attorney fees for their legal services. Therefore, we conclude the

Board should determine the value of the services performed by appellees and fix their fees in accordance with the valid provisions of KRS 342.320 prior to its amendment in 1952.

Wherefore, the judgment is affirmed.