Roy WHITFORD, T. K. Lewis, and Ralph Beiting, Individually and as Members of the Campbell County Courthouse Commission, Appellants,

v.

Lambert HEHL, Jr., Joseph Schwalbach, Albert Schneider and Anthony Bardo, as Members of the Campbell County Fiscal Court; and City of Newport, Kentucky, Appellees.

Court of Appeals of Kentucky.

Dec. 31, 1980.

Discretionary Review Denied March 24, 1981.

Frank V. Benton, III, Newport, for appellants.

James R. Poston, Jan Paul Koch, Newport, for appellees.

Before WHITE, HOGGE and LESTER, JJ.

WHITE, Judge.

This appeal challenges the determination of the Campbell Circuit Court that KRS 68.480 is constitutional. That statute in full provides:

In all counties containing a city of the second class, which on December 31, 1976 had a courthouse district tax in effect, the fiscal court is authorized to levy a tax, to be imposed in the same geographical area in which the courthouse district tax was in effect on December 31, 1976 of

not more than two and nine-tenths cents (2.9¢) per each one hundred dollars ($100) property valuation for the purpose of constructing, repairing, reconstructing or extending, and maintaining a courthouse for Campbell County, and of leasing facilities for such purpose. This courthouse tax is hereby declared to be an exception to the county roll back law as expressed in KRS 68.245. All assets formerly owned and controlled by the Campbell County courthouse district and commission on December 31, 1976 shall become and be immediately the property of the Campbell County Fiscal Court. (Enact. Acts 1976 (Ex.Sess.), ch. 32, § 1, effective December 31, 1976.)

Appellants urge that the Act be struck as an unconstitutional violation of Kentucky's prohibition against special legislation as expressed in § 59 of the Commonwealth's Constitution. It is also urged that the statute is unconstitutionally vague and ambiguous. The Campbell Circuit Court held that KRS 68.480 resulted from a proper exercise of legislative authority and is not in conflict with constitutional restrictions upon special legislation or vague drafting. We reverse.

The history of the Courthouse District in Newport, Campbell County, has been detailed in a record below. Only that essential to this opinion will be addressed herein.

In 1882 a "Courthouse Act" was passed to enable construction and maintenance of a courthouse in Newport, additional to the one at the Campbell County seat of Alexandria. Four years later this was amended to increase the powers of the Commissioners of the Courthouse District by authorizing their levying taxes for part of the county salaries as well as for maintenance expenses.

The Commonwealth's present Constitution was adopted in 1891. Sections 59 and 60 thereunder halted the practice of allowing legislative action to pertain to local and special situations, such as had the 1882 "Courthouse Act."

In 1898 the General Assembly passed another amendment to Newport's special legislation under which the Courthouse District's previous exemption from taxation by the Campbell County Fiscal Court was rescinded. Also, the authority of the Courthouse Commissioners was limited to paying the bonds, interest coupons, and expenses of maintaining the building, courts, and officers; the authority to levy and collect taxes for those purposes, and no other, was extended. Thus, property within the Courthouse District became subject to all general Campbell County taxes as well as to a special levy of the Courthouse Commissioners to maintain the Newport courthouse.

Subsequent cases settled other relevant factors:

Section 59 prohibits the passage of local or special legislation regulating or authorizing the levy or collection of taxes . . . .

. . . The positive mandate is against local and special legislation in the future, and, even if we concede that the constitution breathes a spirit of hostility to past legislation of that class, it is expressly continued in force until repealed . . . . *Pearce v. Mason County*, 99 Ky. 357, 35 S.W. 1122, 1123 (1896).

In summarizing applicable cases relating to taxing districts which had been created by special legislation predating the 1891 Constitution, *City of Covington v. District of Highlands, of Campbell County*, 113 Ky. 612, 68 S.W. 669 (1902), noted that by virtue of the constitutional requirement of tax uniformity, all special acts were repealed to the extent that they created exemptions. However, the Court found that no case held that a local community was constitutionally precluded from "indulging additional governmental advantages."

*City of Covington v. Kenton County*, 26 K.L.R. 677, 82 S.W. 392 (1904), discussed the question of whether the City or the County Fiscal Court was responsible for the maintenance of the courthouse at Covington, separate from the one at the Kenton County seat of Independence. In determining that the benefits as well as the burdens of continuing the second facility fell upon Covington, the Court observed that

. . . the fiscal court is a body of limited jurisdiction. It has no power except that conferred on it by law . . . . There is no

authority for the fiscal court to spend the money of the county for these purposes [securing a jail and holding court] at any point other than the county seat .... The power to tax can only be exercised pursuant to statutory authority.... If, in the future, hardship or inequality of burdens results calling for legislative action, it is within the legislative discretion to give a remedy by repealing the local acts placing the burden on the city and enlarging the powers of the fiscal court in the premises .... *Covington v. Kenton County, supra,* at 394, 395.

This reasoning was made applicable to Newport and Campbell County in *Commissioners for Courthouse Dist. of Campbell County v. City of Newport,* 29 K.L.R. 649, 94 S.W. 629 (1906). Such specifically distinguished as dictum the suggestion of *Campbell County v. Newport & C. Bridge Co.,* 112 Ky. 659, 66 S.W. 526 (1902), that once the bonds themselves had been retired, the Courthouse Act and amendments would cease to have force and vitality, thereby transferring maintenance responsibilities to the fiscal court.

Clearly the General Assembly in enacting KRS 68.480 attempted to comply with the holdings of the earlier cases concerning special courthouse districting. We are, however, unable to state that the effort was successful.

Reiterating the points made in *Covington v. Kenton County, supra,* the authority of the legislature was to relieve the burdens of maintenance on the Commission by enlarging the fiscal court's interest in the facilities. (As the effect of such must be held to be inconsistent with the authority delegated under the Courthouse Act and amendments, that prior legislation necessarily would be repealed by implication. Thus, appellees' argument that KRS 68.480 is an amendment to such, rather than new legislation, must fail.) Likewise, the General Assembly could expend the taxing authority of the fiscal court to permit expenditures for facilities additional to the ones at Alexandria.

The wording of the statute before us, however, indicates that this expanded authority is to be exercised only against that portion of Campbell County which had comprised the Courthouse District rather than against the County as a whole. There is no question but that under the force of the prior special statute the property within the District could be levied against at a cumulative rate greater than that of Campbell County property in general. *See Long v. City of Louisville,* 97 Ky. 364, 30 S.W. 987 (1895). Furthermore, as the Courthouse Act, until repeal, carries all the validity of regularly passed law, such is subject to amendment of the rate of taxation, within constitutional limitation, to meet increased maintenance costs.

Herein, however, this levy is to be imposed not under the authority of the Courthouse Commission but rather by the Fiscal Court itself. The Fiscal Court does not have the entitlement of the Commission to create a disparate tax burden between the District and the remainder of the County. To allow such would be in contravention of the constitutional mandate requiring that taxes "shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax." Section 171, *Kentucky Constitution.*

Furthermore, to view KRS 68.480 as an effort to establish a new taxing district in place of the old would indeed be violative of § 59(15)'s prohibition against local and special legislative authorization of tax levies. Likewise, to consider it as a permitted *general* statute (as it purports to apply equally to "all counties containing a city of the second class, which on December 31, 1976 had a courthouse district tax in effect") would be a sham as in reality only Campbell County meets that description.

An additional showing of discriminatory impact is evident from the expressed purpose of the Act: to maintain "a courthouse for Campbell County, and of leasing facilities for such purpose." Although an argument could be presented that such wording is recognition of the fact that Campbell County is to have but one "true" courthouse, that at the county seat of Alexandria, and that the Fiscal Court may also lease additional facilities elsewhere to augment county needs, there is no expression justifying the levy for this purpose to be

imposed arbitrarily against the Courthouse District alone. It may further be questioned whether any additional revenues would be needed for *leasing* at Newport as the Act purports to transfer *ownership* of the District's property, to wit, the Newport Courthouse, to the Campbell County Fiscal Court. If the leasing is to be at sites other than the Newport District, the discrimination in having the Courthouse District bear the attendant tax burden is blatant.

For all the aforementioned reasoning, KRS 68.480 is declared to be unconstitutional. The judgment of the Campbell Circuit Court to the contrary is reversed. Any repeal by implication of the Courthouse Acts and amendments which KRS 68.480 may have carried is retracted; an unconstitutional law cannot operate to supercede an existing valid law. *Vestal Lumber Co. v. Clark*, Ky., 268 S.W.2d 954 (1954).

The judgment is reversed and remanded to the lower court with directions to enter a judgment in conformity with this opinion.

All concur.