CASE 14—INDICTMENT No. 2—DECEMBER 10.

# Commonwealth vs. Mitchell.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. A jailer cannot be indicted for failing to keep the jail clean and in condition to promote the health and comfort of prisoners, &c., and a demurrer to such an indictment was properly sustained.
2. It is the duty of the county judge, from time to time, to prescribe rules for the government and cleanliness of the jail, and the comfort and treatment of prisoners; and the judge of the county court shall inspect the jail at least once a month, and shall have power, *by fine or otherwise*, to enforce the rules and punish the jailer for neglect thereof or disobedience thereto. (*Sec.* 11, *art.* 2, *chap.* 91, 2 *Stant. Rev. Stat.*, 349.)

JOHN RODMAN, Attorney General,                    For Appellant,

CITED—

*Rev. Stat., sec.* 4, *chap.* 91, 2 *Stant.*, 347.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This is an indictment against appellee, as jailer of Daviess county, for failing to keep the jail clean and in a condition to promote the health and comfort of prisoners

who might be confined therein from time to time ; and a demurrer having been sustained to the indictment, the Commonwealth has appealed.

Whether or not the offense charged in the indictment is punishable at common law, we need not discuss, since the Legislature has provided an effectual remedy for such dereliction of duty in the jailer, which is so complete in itself that it must be regarded as the only mode for the punishment and prevention of the offense.

By *section* 11, *article* 2, *chapter* 91, 2 *Revised Statutes*, 349, it is provided, that "it shall be the duty of the county court, from time to time, to prescribe rules for the government and cleanliness of the jail and the comfort and treatment of prisoners ; and the judge of the county court shall inspect the jail at least once a month, and shall have power, *by fine or otherwise*, to enforce the rules and punish the jailer for neglect thereof or disobedience thereto."

This statutory remedy, so ample and complete within itself to secure a faithful discharge of this necessary and important legal duty of jailers, extending the power to enforce a performance thereof, or, for a non-performance, to remove the delinquent officer, supersedes any other mode of redress.

Wherefore, the judgment is *affirmed.*