Louisville & Nashville Railroad Company v. Wade.  Same v. Same.

CASE 40—PETITION ORDINARY—OCTOBER 31.

# Louisville & Nashville Railroad Co. v. Wade.

## Same v. Same.

APPEALS FROM LOGAN CIRCUIT COURT.

APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY.—The amount in controversy, where the defendant appeals from a judgment against him, is the amount of the judgment and not the amount sued for.
Plaintiff sued for five thousand dollars, and recovered judgment for sixteen hundred dollars. Defendant appeals. *Held*—That the amount in controversy is only sixteen hundred dollars, and, therefore, the Superior Court and not this court has jurisdiction of the appeal.

W. F. BROWDER FOR APPELLANT.

G. W. EICHELBERGER, G. W. MERRITT, S. A. BASS, I. H. GOODNIGHT FOR APPELLEE.

No brief on motion.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The amount sued for in this action by appellee is five thousand dollars in damages for a personal injury, but the amount for which the judgment appealed from was rendered is sixteen hundred dollars, and the question involved by appellant's motion to transfer the case to the Superior Court is, whether this or that court has jurisdiction.

Sections 2 and 3 of the act approved April 22, 1882, establishing the Superior Court, provides, in substance, it shall have exclusive appellate jurisdiction over the final orders and judgments of all other courts of this Commonwealth the Court of Appeals then had, except, among other conditions enumerated, "judgments for

256    KENTUCKY REPORTS.    [Vol. 89.

Louisville & Nashville Railroad Company v. Wade.    Same v. Same.

money or personal property, if the value in contro-
versy be greater than three thousand dollars, exclusive
of interest and costs."

By section 16 of the Civil Code, adopted in 1851, it
was provided that there should be no appeal to the
Court of Appeals over final judgments and orders of
other courts in actions or proceedings for recovery of
money or personal property unless the matter in con-
troversy exceeded one hundred dollars in value, or in
behalf of the defendant when the judgment of the
inferior court is against him for money or personal
property not exceeding in value one hundred dollars,
unless reduced below that amount by a set-off or
counter-claim.

According to the plain language of that section, the
defendant in such action was not allowed an appeal to
this court from a judgment against him not exceeding
one hundred dollars, no matter what may have been
the amount sued for, unless it had been reduced below
that sum by a set-off or counter-claim pleaded by him.
But February 9, 1858, an act was passed as an amend-
ment to the Civil Code in these words: "The Court
of Appeals shall have jurisdiction over all judgments
for the recovery of money or personal property when
the value in controversy is fifty dollars or over that
amount." The question, however, arising in the case
of Tipton v. Chambers, 1 Met., 565, whether the effect
of that act was to abolish all distinction between
appeals by plaintiffs and by defendants in such actions,
and to confer jurisdiction in every case when the
amount claimed by the plaintiff exceeded fifty dollars,
it was held section 16 was not intended to be at all

changed or affected, except as to the sum necessary to confer jurisdiction, and such was the uniform construction of the Civil Code and practice of this court until the adoption of the General Statutes April 22, 1873, section 2, article 22, chapter 28 thereof providing that "no appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property if the value in controversy be less than fifty dollars, exclusive of costs," which was, May 5, 1880, amended by simply fixing the sum determining jurisdiction at one hundred instead of fifty dollars.

As the present Civil Code contains no provision regulating jurisdiction of the courts, and the Code of 1851 has been repealed, the question before us must be determined according to the reasonable meaning and application of the words "value in controversy," as used in the General Statutes and act of 1882 establishing the Superior Court.

In the case of Tipton v. Chambers, the same question was before the court as is now presented, and although section 16 of the Code of 1851, then in existence, in express terms disallowed an appeal by a defendant when the judgment against him was less than the determinate sum, unless it had been reduced below it by a set-off or counter-claim, still we think the same reasoning then used to show the Legislature did not intend, by the act of 1858, to change the rules of section 16 of the Code of 1851 is persuasive it was not intended by the General Statutes to make test of jurisdiction different from that so long applied by this court, and obviously reasonable and just. In that case the following language occurs: "No set-off or counter-

claim was relied on in the court below, and the judg-
ment is for twenty-five dollars. What, then, is in
controversy? It is true he was sued for a larger sum
than fifty dollars (then the limit), but he succeeded in
defeating a recovery beyond the twenty five dollars.
Is there any amount now in controversy that can in
anywise affect him, except that which was recovered
against him in the court below? The plaintiff would
have the right to complain, because he was defeated
in obtaining the sum he sued for, which was fifty dol-
lars; but certainly not the defendant, unless it can be
said that the amount which the plaintiff failed to re-
cover is still in controversy, notwithstanding he does
not complain of the judgment."

Although the effect of that decision was to deny the
defendant right of appeal to any court, it was dis-
tinctly held that the value in controversy, in the mean-
ing of the statute, related not to the sum sued for in
the lower court, but to the amount for recovery of
which the judgment attempted to be appealed from
was rendered; and it seems to us as the act establish-
ing the Superior Court in terms makes the sum of three
thousand dollars a limit of jurisdiction in this class of
cases, the same reason exists and the same construc-
tion should be given to it; for while the plaintiff did
sue for a sum within the jurisdiction of this court, and
might have complained of and appealed directly here
from the judgment for less, the defendant can not
complain the judgment has been rendered for a sum
really within the jurisdiction of this court, for the
controversy in regard to that part of the amount sued
for in excess of sixteen hundred dollars has ceased,

and is not now a subject of judicial investigation by this or the Superior Court.

The result of adhering to the construction adopted in Tipton v. Chambers will be not to deny the defendant his right of appeal, but simply to transfer the case from one to another appellate court. And moreover, as a different construction would tend, in a considerable degree, to defeat the purpose of the Legislature in establishing the Superior Court, we feel constrained to sustain the motion to transfer.