CASE 45—PETITION—MAY 8.

# American Accident Company v. Slaughter.

101   269
119   763

101   269
f123   836

APPEAL FROM CARROLL CIRCUIT COURT.

1. APPEALS—JURISDICTION—AMOUNT IN CONTROVERSY.—The amount
in controversy when the defendant appeals, is the amount of the
judgment against him, and not the amount sued for by the
plaintiff.
2. APPEALS—DAMAGES ON DISMISSAL.—Where in this court an ap-
peal is dismissed for the want of jurisdiction, if the judg-
ment is for money and has been superseded, the appellee is
entitled to the damages provided for by section 764, of the
Civil Code.

PHELPS & THUM FOR APPELLANT.

1. The chief office or place of business of the appellant was in
Louisville, and under section 71, of the Civil Code, actions
against an insurance company, with certain exceptions not ap-
plicable to this case, may only be brought in the county
within which its principal office or place of business is sit-
uated; at any rate the agent Duncan upon whom the process
was served was not the "chief agent" of the appellant within the
meaning of section 723, of the Civil Code.
2. Under the express provisions of the contract no suit was to be
brought after the expiration of four months from the termina-
tion of the disability, and the petition shows on its face that
it was not brought within that period, and the demurrer
should have been sustained. Kenton Ins. Co. v. Downs, 90
Ky., 230; Howard v. Kentucky Mutual Ins. Co., 13 B. M., 282.

R. W. MASTERSON OF COUNSEL ON SAME SIDE.

GAUNT & DOWNS FOR APPELLEE.

1. The transaction out of which the suit grew arose with an agent
of the company in Carroll county, and under the provisions

American Accident Company v. Slaughter.

of section 71, of the Civil Code, that gave the circuit court of that county jurisdiction over the action. Kentucky Mutual Security Fund Co. v. Logan's Adm'r., 90 Ky., 366.

2. The amount of the judgment against the party appealing is the amount in controversy, and in this case the judgment against appellant is for less than one hundred dollars, and this court has no jurisdiction of the appeal. Ky. Stat., sec. 950.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Circuit Court of Carroll county rendered in favor of the appellee against the appellant for the sum of $96. Section 950, Kentucky Statutes, provides that "no appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property if the value in controversy be less than $100, exclusive of interest and cost."

The amount in controversy when the defendant appeals is the amount of the judgment against him, not the amount sued for (L. & N. R. R. Co. v. Wade, 89 Ky., 265.) The amount in controversy in this appeal being less than $100, this court has no jurisdiction to hear and determine the same. By section 887, Kentucky Statutes, it is provided, among other things, "the party in error, if an action be dismissed for want of jurisdiction, shall pay the cost." It appears from this record that the appellant superseded the judgment appealed from. Section 764, Civil Code of Practice, provides: "Upon the affirmance of or dismissal of an appeal from a judgment for the payment of money, the collection of which in whole or part has been superseded as provided in chapter 2 of this title, ten per cent. damages on the amount superseded shall be awarded against the appellant."

Because this court has no jurisdiction of this appeal the same is dismissed, with damages.