CASE 17—ACTION TO RECOVER COMMISSIONS FOR SELLING LAND—DEC. 3.

# Eversole v. White and Others.

APPEAL FROM OWSLEY CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

JURY—AFFIDAVIT OF JURORS TO IMPEACH VERDICT—HARMLESS ERROR IN REFUSING INSTRUCTION.

Held: 1. In an action involving matters of account a verdict will not be set aside upon the affidavits of jurors to the effect that they made a mistake in charging one of the parties with an item with which they did not intend to charge him, or in failing to credit him with an item to which he was entitled to credit.

2. The error, if any, in refusing an instruction, was harmless, where it is manifest that the jury did what appellant asked the court to instruct them to do.

E. E. HOGG, ATTORNEY FOR APPELLANT.

This is a suit of John C. Eversole against White & Harrison to recover commissions as purchasing agent for that firm upon 6,860 acres of land. Appellant sues for $1,022.40 and admits credits of $672.35 leaving a balance due him of $350.05. The jury returned a verdict in favor of the defendants in the sum of $24.

The plaintiff procured the affidavit of four of the jurymen, two of whom made the calculation, and all four of whom stated that the verdict as returned, was not their verdict. In this affidavit they state that the whole jury readily agreed upon the price per acre which defendants should pay plaintiff as commission, but that in making their calculation they failed to

Eversole v. White and Others.

charge the defendants with the commission on three tracts which amounts as agreed to $172.35, and yet, by mistake, they gave defendants credit for the drafts paying these items.    No counter affidavits were filed by defendants controverting the one filed by plaintiff.    This affidavit was filed by plaintiff on his motion for a new trial, and we claim the trial court abused its discretion in not granting a new trial on this showing.

We also claim that the court erred in refusing an instruction offered by the plaintiff which embraces the idea upon which we contend that in no event is the appellant liable for any part of the $500, because defendants accepted an order which was never returned, for said sum.

JAMES M. SEBASTIAN AND JOHN D. WHITE, ATTORNEYS FOR APPELLEES.

The appellees insist that the judgment of the lower court should be affirmed.    The evidence in the case was conflicting, the jury was properly instructed and gave defendants a verdict of $24, upon their counter claim.

There was ample evidence to sustain the verdict rendered.

There is abundant authority sustaining the lower court in refusing to set aside the verdict upon the affidavit filed. It is easy to obtain such an affidavit from a juror, who, when asked how he arrived at the verdict is unable to go into the details and show how the calculation was made in a case like this where there is a conflict of testimony.    Many jurors are illiterate, and being unable to explain the verdict in detail, will state that they did not understand it when approached by the losing party. This is a bad practice and it is clearly wrong to ask a juryman how he came to find such a verdict.

### AUTHORITIES CITED.

Robinson v. Carrico, 11 Ky. Law Rep., 441; Hickman v. Southerland, 4 Bibb, 194; Hughes v. McGee, 1 Mon., 29; Reece v. Lawless, 1 Mar., 59; Sibley v. Eastern, 1 Mar., 551; McCampbell v. McCampbell, 2 Mar., 214; Fraustall v. Bishing, 2 Mar., 521; Wiseger v. Samuel, Lit. Select Cases, 185; Talbot v. Talbot, 2 J. J. Mar., 5; Allen v. Sykes, 5 J. J. Mar., 614; Blake v. Chambers, 7 B. Mon., 566, King v. Hanna, 9 B. Mon., 377; N. Y., L. Ins. Co. v. Graham, 2 Duv., 507.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

The appellant, Eversole, sued White and Harrison to recover $1,022.40 for alleged commissions due him growing out of a contract or contracts to purchase lands and min-

eral rights for them. They deny their liability for the sum claimed—First, because the services which he did perform were for the New Era Land Company; second, that he did not purchase all the lands for which he claims commissions. He claimed that he was to receive ten cents per acre for purchasing some of it, fifteen cents for some, and for other lands no commissions were agreed upon, but he avers that twenty cents per acre was a reasonable commission. The appellee, White, asserted a counterclaim against the appellant. The trial resulted in a verdict for twenty-four dollars in favor of White. There was considerable conflict in the testimony. The appellees claimed that appellant was not entitled to commissions on certain lands which he purchased, while, on the other hand, he claimed that he was entitled to the commissions claimed by him. From this contrariety of testimony it would seem that the jury reached the conclusion that White was entitled to the amount claimed.

The principal error complained of is that the court refused to grant a new trial upon the affidavits of four of the jurors who tried the case. Their affidavits are to the effect that in making their verdict they intended to allow the appellant, Eversole, his commissions on a number of tracts which included the Polly Begley, Farris Begley, and Wade Valentine tracts, the commission on the latter tracts amounting to $172.35; that they ascertained that appellees were entitled to a credit of $500 in addition to certain drafts, which made their total credits $672.35; that the total commissions, including those on the three tracts named, amounted to $819.70, and that he was also entitled to $19. for expenses of certain deeds, making the total amount $838.70; that they gave White credit, as we have said, for the $672.25, but failed to charge him with commissions on

the three tracts named; that their failure to do so was the result of mistake. The court was asked upon these affidavits to set the verdict aside. There is no other testimony offered to support their statements, and from them it seems that none could have been except by other jurors. The effect of these affidavits is to show that they did not charge appellees with as much as they intended to by $172.35. The failure to charge them with this amount could have resulted from the conclusion that appellant was not entitled to the commissions, yet the court is asked to accept the statements of the jurors that they made a mistake in endeavoring to ascertain the verdict that should be returned. If this is such a mistake as can be corrected, then, in every case involving matters of accounts in dispute, the verdict might be set aside upon the affidavits of jurors to the effect that they had made a mistake by charging one of the parties with an item with which they did not intend to charge him, or that they by mistake failed to credit him with an item for which he was entitled to a credit. If such a practice is indulged, there would be no stability in verdicts, and the party obtaining one would have no assurance that it might not be impeached by the testimony of some of the jurors who returned it. There are cases in which verdicts might be set aside on account of mistake, but it is difficult to lay down any precise rule, the application of which to each particular case would be sufficient to determine whether the affidavits of the jurors ought to be received to invalidate their verdict. It is certainly a very delicate affair to impeach a verdict upon the affidavits of the jurors who returned it. Courts can not be too cautious to prevent the mischief that is likely to flow from such proceedings.

Eversole v. White and Others.

In considering the question of the propriety of receiving affidavits of jurors to invalidate their verdict, in Johnson v. Davenport, 3 J. J. Marsh., 396, the court said: "It seems to be universally agreed that, if received at all, it should be with great caution; and we are of opinion, as far as our researches have extended, that their admissibility should be confined to cases of mistake, clearly made out, and which may be conceded as true, without subjecting the jury to any imputation of impure motives or palpable impropriety of conduct, and in relation to the proof of which mistake by their affidavits there should be no reasonable ground for suspicion that they might have been tampered with. In the case now before us the jury returned from their room into court with a verdict for the defendant, not by mistake, for it is not pretended that a single juror did not understand what they were about to do. There was but one issue; it involved but one point. They did not insert the word 'defendant' when they meant 'plaintiff.' But one of the jury, who, it is said, had refused to consent to such a verdict, heard it read, heard, no doubt, his name called, and the inquiry propounded, according to the universal practice, 'So say you all?' and thereby tacitly assented to it, yet insists that it was the verdict of his fellow jurors only. To return a verdict under such circumstances, if he did not consent to it, was highly improper and disreputable, both to him, and to the other jurors, who knew of his dissent, and only by concealing it palmed a fraud upon the court and the litigants. Upon a view of the whole case, we are of opinion that the court decided correctly in overruling the motion for a new trial."

In Taylor v. Giger, Hardin, 588, the court said: "There is one class of cases where the affidavits or the depositions of the jurors have been received to impeach the verdict by

showing that there was, in truth, no verdict, and that the jurors, or part of them, never did consent to it as rendered. Such was the case of Cochran v. Street, 2 Wash., (Va.) 79, 1 Bur. M., 383; and such was the case where eleven of the jurors swore that they had agreed to find for the plaintiff, and to give him five shillings damages, but that their foreman had, through mistake, delivered a verdict for the defendant; and several other cases of a similar kind. On the other hand, it has been determined, and we think properly, that the affidavits of the jurors ought not to be received to prove misbehavior in themselves and their fellow jurors, but that wherever misbehavior of a jury is relied on as a ground for a new trial it ought to be made out by other evidence. We can not discover any case where the jurors have consented to the verdict, and where they have been permitted afterward, by their affidavits, for the purpose of impeaching or setting aside their verdict, to explain the train of reasoning, or the grounds, either of law or fact, assumed by them, inducing that consent. Such a practice, if tolerated, would be extremely dangerous. It would create a violent temptation for the losing party to tamper with the jurors, and by private conversations with them after the trial he might, and frequently would, impose, both on the jurors and the court, the afterthoughts of the jurors for their opinions in the jury room. Few verdicts in disputed cases could stand if the parties shall be permitted, by such after-conversations with the jurors, to bring before the court what may be supposed to be their mistakes in law or fact, made out in this way only."

The affidavits in the case at bar disclose the fact that the jury found Eversole's total account to be $837.70, and that the appellees were entitled to a credit of $672.35; and also discloses the fact that two of the jurors, who verified

Eversole v. White and Others.

the affidavits, made the calculations, and ascertained that to be the result. To subtract the less from the greater sum would have left a balance in favor of appellant against the appellees of $165.35; yet two jurors, who were capable of and did calculate the appellant's commissions on various tracts of land, agreed to a verdict in favor of White for $24. The mere statement of the case shows how dangerous the practice would be to allow jurors to impeach their verdict by, showing that the jury agreed that one party to the litigation should be charged with a certain item, which was not done in final calculation in making a verdict on account of a mistake.

We think the court properly submitted the question to the jury as to whether or not the appellant was employed by the New Era Land Company instead of by the appellees. The appellees testified that he was, and the writing first executed by appellant shows that he was to perform services for that company.

It is complained that the court erred in not giving an instruction offered by appellant in regard to the $500 which White let him have or paid him on commission account. Had the court erred in refusing the instruction, appellant can not complain, as the jury did as appellant desired it should do,—treat it as a payment on the contract in regard to the commissions for which he sued.

The judgment is affirmed.