CASE 97—ACTION BY DAISY MONTGOMERY AGAINST H. P. MONTGOMERY, ON ASSUMPSIT TO RECOVER $170.00.—FEB. 9, 1904.

(Omitted in former reports.)

# Montgomery v. Montgomery.

APPEAL FROM SCOTT CIRCUIT COURT—JAMES E. CANTRILL, CIRCUIT JUDGE.

APPEAL DISMISSED.

TAXATION—EQUITABLE TITLE—PAYMENT BY HOLDER OF LEGAL TITLE— SET-OFF—APPEAL—JURISDICTION—MOTION FOR DAMAGES ON SUPERSEDAS BOND.

1. Under Kentucky Statutes, 1903, section 4023, making the holder of both the legal and equiaable title of land liable for the taxes, but providing that, as between themselves, it is the duty of the holder of the equitable title to pay them; section 4033, providing that, whenever the occupant of land pays taxes, he may recover the amount from the owner; and section 4035, giving a right of action to a joint owner who pays all the taxes, assessed conjointly—the holder of the equitable title of an undivided interest in land is liable for his share to the holder of the entire legal title, who paid all the taxes.

2. In an action in the nature of an express assumpsit, the claim of the holder of the legal title of land against the holder of the equitable title for taxes paid, being purely a statutory claim, is not a proper subject of set-off under Civil Code Practice, section 96, subsection 2, defining a set-off as a cause of action arising on a contract, judgment, or award in favor of a defendant.

3. Where the plainti sues for $170, and the defendant pleaded a claim for $95, which was not a proper set-off, the court of appeals has no jurisdiction of an appeal from a judgment dismissing the set-off, and in favor of the plaintiff for the amount claimed, under Kentucky Statutes, 1903, section 950, providing that no appeal shall be taken to that court if the value in controversy is less than $200.

4. Where the court of appeals is without jurisdiction to entertain an appeal it is likewise without jurisdiction to enter a judgment upon a supersedeas bond in the same.

Montgomery v. Montgomery.

JAS. BRADLEY and B. M. LEE, for appellants.

### POINTS AND AUTHORITIES.

1. The consideration named in the deed from appellee to appellant could not be impeached or denied except by pleading verified by oath. Ky. Stat., sec. 472.

2. In the absence of an allegation of fraud or mistake in the execution of this deed, parol testimony was not admissable to contradict its recitals. 103 Ky., 140, and cases therein discussed. (We regard this proposition so well settled that we decline to cite further authorities.)

3. The court erred in sustaining demurrer to appellants claim for appellee's part of the taxes paid by him on the land while owned jointly by them. As between themselves, it was her duty to pay taxes to the extent of her equitable ownership of the land. Ky. Stat., 4023. And after he paid the taxes on the whole farm, he had the right to recover of her her part of the taxes. Ky. Stat., 4033.

VICTOR F. BRADLEY, attorney for appellee.

1. When it is shown on the face of the pleadings that the amount in controversy is less than $200 the court of appeals has no jurisdiction, although the party claims more.

Opinion of the court by JUDGE O'REAR—Dismissing Appeal.

Appellee sued appellant, in an action in the nature of express assumpsit, to recover $170. The answer denied the alleged agreement, and pleaded as a set-off that appellant had paid for appellee certain taxes on lands owned by them jointly, in a given proportion, when the legal title was in appellant to the whole tract, while appellee owned the equitable title to the proportion named. The sum claimed by appellant on this account was $95.24. The circuit court struck out so much of his pleading as claimed the taxes. The verdict and judgment on appellee's claim was in her favor.

The first question is, has this court jurisdiction of the appeal? To give this court jurisdiction of an appeal, the amount in controversy must be $200, exclusive of interest

and costs. Section 950, Ky. St. 1903. As to the defendant, it is said that the amount in controversy is the amount of the judgment from which he appeals. L. & N. R. Co. v Wade, 89 Ky. 255, 11 R. 436, 904, 12 S. W. 279; American Accident Co. v. Slaughter, 101 Ky. 269, 19 R. 418, 40 S. W. 675. But when the defendant has presented a counterclaim or set-off against the plaintiff, which is germane to the original cause of action, and which is denied entirely, then the amount in controversy will be the sum recovered against him by the plaintiff on the original action, plus the amount claimed by the defendant, and which he was denied. Walter A. Wood Co. v. Taylor, 104 Ky. 217, 20 R. 536, 46 S. W. 720. This brings us to consider appellant's claim as a set-off.

A set-off is a cause of action arising upon a contract, judg-- ment, or award in favor of a defendant against a plaintiff. Subsection 2 of section 96, Civ. Code Prac. It is a suit within a suit. Defendant alleged by way of set-off, and therefore as constituting a cause of action against the plaintiff, that he and the plaintiff owned jointly, in unequal proportions, a farm in Scott county; that he held the legal title to the whole of it, but that for certain years the plaintiff was the owner by title bond from appellant of the equitable title to the portion named, being something less than one-half; that the tax had been assessed against him, and that he had paid all of it; and that plaintiff's proportion was $95.24, in the aggregate, which she had not paid. Section 4023, Ky. St. 1903, makes the holder of the legal title to land, and the holder of the equitable title also, liable for the taxes thereon; "but as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment." Section 4033 provides that "whenever the occupant of any land.  *  *  *

shall pay the tax thereon which the owner ought to pay, the person paying the taxes shall be entitled to recover of the owner the amount of the tax so paid and interest." Section 4035 gives a right of action to a joint owner who pays all the tax where the property has been assessed conjointly." These sections were intended to fix the liability for the tax as between the persons prima facie liable therefor, and from any of whom the State may have exacted its payment. The payment of taxes is generally involuntary. Its assessment, and the means of collection, are necessarily more or less summary. That a mere volunteer, who pays the taxes of the owner of the property, will not be given either a lien on the property, or a right of action to recover the amount paid from the owner, is well settled; but, where one who can be made to pay it, does so, the statutes fix the ultimate liability as between the persons liable, and give a right of action against such one in favor of the other who pays. We are of the opinion that the answer presented a good cause of action in favor of defendant against plaintiff.

But a set-off must be based upon a contract, judgment, or award. There is no claim that defendant paid the tax for plaintiff under a contract, or under a request that would imply a promise to repay. No statute would be needed to allow a recovery in such state of case. This is purely and simply a statutory liability. Penalties or forfeitures fixed or allowed by statute, and torts and unliquidated demands have not been allowed as matters of set-off. The language of the Code, no less than the practice before, exclude such as matters of set-off. We think to this class belong pure statutory liabilities—involuntary liabilities. The action of the circuit court was therefore proper, in striking out that matter as a set-off, although it may have constituted a good cause of action by defendant against plaintiff. This leaves the amount in controversy

less than $200. C. & O. Ry. Co. v. Roe, 21 R., 1145, 54 S. W., 1; Arthurs v. Thompson, 97 Ky., 218, 17 R., 118, 30 S. W., 628.

Appeal dismissed.

March 15, 1904. On motion for judgment on supersedeas bond.

The judgment in this case was superseded. The appeal was dismissed because the court had no jurisdiction of the appeal. The case now comes upon the motion of the appellee for judgment for damages on the supersedeas bond. The court is of the opinion that as the court has not the jurisdiction to entertain the appeal, we are likewise without jurisdiction to enter a judgment upon the supersedeas bond.

Motion overruled.