CASE 99.—ACTION BY G. RAGER, BY HIS STATUTORY
GUARDIAN, AGAINST THE LOUISVILLE & NASH-
VILLE RAILROAD COMPANY FOR PERSONAL
INJURIES.—April 19, 1910.

# Rager v. L. & N. R. R. Co.

Appeal from. Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Af-
firmed.

1   Railroads—Injuries to Person on or Near Track—Custom-
    ary Use of Track.—Where the ground on the sides of a rail-
    road track in a village were constantly used by the public as
    a passway, an individual in common with others had the
    right to so use it, and, where he did so use it, he was not a
    trespasser, and the trainmen who knowingly suffered a truck
    to remain on the passway and so close to the track as to
    bring it in contact with moving trains were negligent, mak-
    ing the railroad liable for injuries to a person on the pass-
    way struck by the truck moved by a passing train.
2.  Railroads—Injuries to Person on or Near Track—Trespassers.
    —A trespasser on a railroad right of way may not recover
    unless the trainmen discovered his peril in time to prevent
    his injury by the exercise of ordinary care, and they failed
    to do so.
3.  Appeal and Error—Review—Verdict—Conclusiveness.—A ver-
    dict on conflicting evidence is conclusive on appeal.
4.  Railroads—Injuries to Person on or Near Track—Action—
    Evidence—Admissibility.—Where, in an action against a
    railroad company for injuries to a person struck by a truck
    left so near the track that a moving train drove it against
    him, the issue was whether he did not, at the time of the
    accident, know of the presence of the truck, evidence that
    he and other boys had been about the truck before the ac-
    cident and that a section foreman had repeatedly requested
    them to leave it, which they had not done, was admissible,

not only to locate the presence of plaintiff, but to contradict his statement as a witness that he did not know at the time of the accident of the presence of the truck.

5. Trial—Verdict—Impeachment by Jury.—The affidavit of a juror in a personal injury action that some of the jurymen during the trial saw plaintiff walk without limping, and that that fact was discussed by the jury while deliberating, was inadmissible.

R. Y. THOMAS, Jr., for appellant.

BROWDER & BROWDER and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

The appellant, G. Rager, an infant nine years of age, together with his statutory guardian, by this action sought to recover of appellee in the court below $5,000 damages for an alleged injury to his foot, caused, as charged, by the negligence of the latter, its servants and employes, in leaving a truck so near its track at Bevier that a moving train struck and drove it against appellant's foot as he was passing, thereby inflicting the injury complained of. Appellee's answer traversed the averments of the petition, and alleged contributory negligence on the part of appellant, which plea was controverted of record. The trial resulted in a verdict and judgment in favor of appellee, and appellant, having failed to secure a new trial in the court below, prosecutes this appeal.

According to appellee's evidence the injury sustained by appellant was slight. The family physician, Dr. Creel, by whom appellant's foot was examined two days after the accident, testified that the only injury to the foot consisted of a small abrasion of the skin upon or near the instep, accompanied by

some inflammation and slight swelling, but that no
bones were fractured, and there was no permanent
impairment of the foot or of its use. The same phy-
sician further testified that, after the accident, ap-
pellant and a brother became ill of a fever, which
continued three or four weeks; that he attended and
treated them throughout their illness, and that appel-
lant during his confinement with the fever did not
complain of any pain or discomfort from the injured
foot, nor did he or his parents have or request the
physician during that time to examine or treat it.
It was also, in substance, stated by this physician
that appellant's foot at the time of the trial was well
and unimpaired. As to the nature of the wound to
the foot, several witnesses who were at the place of
the accident and saw appellant immediately after-
ward, corroborated the statement of Dr. Creel that
it seemed to be but an abrasion or bruise, and some
of them said the wound was about the size of a nickel
or dime. The testimony of appellant and his father
conduced to prove that the injury to the former's
foot was of a serious and permanent nature, that the
wound did not heal for several weeks, and that it
caused appellant much suffering and caused a limp
in his gait which he manifested at the time of the
trial. Dr. Slayton, who was introduced in appel-
lant's behalf, stated, in substance, that he examined
appellant's foot the day before the trial, and that
while the wound had healed he discovered some stiff-
ness, as he thought, in the ankle joint. It is evident,
however, that his examination was but a cursory one,
as he did not administer anaesthetic or use any other
means to relax the muscles and tendons of the leg
and foot, as seemed necessary to a thorough exam-
ination.

As to the queston whether appellant was lamed by the injury to his foot, the evidence was conflicting; that of appellee tending to show the absence of lameness. Several witnesses, some of whom lived very near appellant, testified that they had seen him nearly every day between the date of his receiving the injury to his foot and the trial, and that they had never observed that he limped with the injured foot in walking until the beginning of the trial. We do not mean to be understood as saying that appellant's right to recover depended upon his showing that he was lamed by the injury to his foot, or even that the use of the foot was permanently impaired, for any injury to the foot which resulted in physical or mental suffering to appellant would have entitled him to such damages as would have reasonably compensated him for such suffering, if the injury was caused by the negligence of appellee's servants as alleged in the petition; but as there was evidence, and much of it, from which the jury might have reached the conclusion that the injury to appellant's foot was not serious, that fact doubtless had a controlling influence upon their verdict.

Appellant's account of the manner of his receivceiving the injury to his foot was that, as he was passing the truck on an errand to a grocery store, a backing freight train struck the truck and pushed it against him, causing one of its wheels to run upon or against his foot. If the ground on either side of appellant's track in the village of Bevier and at the place and time of the accident was constantly used by the public as a passway, appellant, in common with others, had the right to so use it, and in that event he was not a trespasser at the time he was injured. Furthermore, if the public were thus licensed

to use appellee's right of way by the track, its serv-
ants in placing the truck or knowingly suffering it to
remain in the walk-way of the track and so close
thereto as to bring it in contact with moving trains
were guilty of negligence, and if appellant was in-
jured by such negligence, as claimed by him, appellee
would be responsible in damages therefor.    Appel-
lant, his father, brother, and the witnesses Doss
and Adcock, all testified to the free use by the public
of the ground on either side of appellee's track for
more    than    15    years; while, on the other hand,
O'Brien, appellee's    section foreman,    and several
other witnesses introduced by it, testified that ap-
pellant's injury was not received in the walk-way be-
side its main track used by the public, but by one
of appellee's tracks used by a coal company in run-
ning cars from the mine to appellee's main track,
and that the ground at the place of the accident is
rough, out of the usual course of travel, and was not
used as a passway by the public, and that appellant
in being thereon at the time of the accident was a
trespasser.    Appellee's witnesses also testified that
the truck when removed by its employes from the
track    was    placed and secured at a safe distance
therefrom, but that some boys of the village, in-
cluding appellant, had the morning of the day of
the accident been playing on the truck and moved it,
without    the    knowledge of appellee's servants to
such an extent as to bring it near enough to the track
to be struck by the backing train, which caused it
to be thrown against appellant's foot.    If appellant
when injured was upon appellee's right of way, and
where persons other than appellee's servants were
not accustomed or licensed to go, he was a trespasser,
and for that reason not entitled to recover unless

appellee's servants discovered his peril in time to
prevent his injury by the exercise of ordinary care,
but failed to do so, which is not claimed by appellant.
Appellant's father, Doss, and Adcock admitted in
some sort the roughness of the ground at the place
of the accident, but said that the way there was fre-
quently used by people in going to the mine. With-
out further discussing the evidence on this point, it is
sufficient to say that it, as well as the evidence in
regard to the character and extent of appellant's
injuries, all went to and  was  considered by  the
jury whose finding in favor of appellee expressed by
the verdict is conclusive upon this court and must
stand, unless it has been shown that the trial court
committed some error that will compel a reversal.
It therefore remains to be seen whether the rulings
of that court, of which appellant complains, consti-
tutes such error.

It is insisted for appellant that the court erred in
admitting the testimony of O'Brien, the section fore-
man, that appellant had been about the truck on the
morning of and before the accident.  The testimony
of O'Brien on the point in question has already been
referred to.  It was to the effect that appellant, in
company with other boys, had been about the truck
all morning; that O'Brien had repeatedly requested
the boys, including appellant, to go away from  the
truck, which they had not done.  Counsel for appel-
lant objected to this testimony of O'Brien upon the
ground that his right to recover was not affected
by the fact that he had been playing with or about
the truck previous to the accident.  The court over-
ruled the objection, but in doing so made this state-
ment to, or in the hearing of, the jury: "You will
have to confine it (meaning the interrogation) to this
boy.  It is competent to show that the boy was there

at this time for the purpose of locating the boy and his presence; but of course, the jury understands that previously having been on the truck or the tracks would not cut him out of the right of recovery if he was subsequently injured without his fault. It is not introduced for that purpose, but you can show it for the purpose of locating the boy previous to that time." Obviously this explanation from the court to the jury clearly gave them to understand the purpose for which the testimony in question was introduced. We think, however, that the testimony was not only competent on that ground, but for a better reason, viz., to disprove an averment of the petition, denied by the answer, and contradict the statement made by appellant as a witness, that he did not at the time of the accident know of the presence of the truck at the place of the accident.

Appellant's counsel further insists that the court erred in not granting appellant a new trial upon the affidavit of the juror Mitchell. Mitchell was a member of the jury that tried the case. The affidavit was made and filed after the return of the verdict. It in substance states that some of the jurymen in the case during the trial or before its conclusion saw appellant walk without limping, and that this fact was discussed by the jury when in the jury room and before the return of the verdict. It is needless to say that this court has repeatedly held that a verdict cannot be explained or impeached by the affidavits or other sworn statements of jurors. Allard v. Smith, 2 Metc. 297; Alexander v. Humber, 86 Ky. 565, 6 S. W. 453, 9 Ky. Law Rep. 734; Eversole v. White, 112 Ky. 193, 65 S. W. 442, 23 Ky. Law Rep. 1435; Jones' Adm'r v. L. & N. R. R. Co., 108 S. W. 865, 32 Ky. Law Rep. 1371. The rule also applies in

criminal cases.    Commonwealth v. Skeggs, 3 Bush, 19; Stuart v. Commonwealth, 105 S. W. 170, 31 Ky. Law Rep. 1343.   In view of these authorities further discussion of this question would be profitless.

Appellant's counsel seem to have entered during the trial a formal exception to the instructions, and they are also complained of in the motion and grounds for a new trial, but this brief presents no criticism of them. We have, however, carefully examined them, and find that they are substantially correct.

Finding the record free from material error, the judgment is affirmed.