# Owings' Administrator v. Gradison Construction Company.

(Decided October 13, 1931.)

M. C. REDWINE, HENRY WATSON and TURNER & CREAL for appellant.

W. B. WHITE and ROBT. H. WINN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

In August, 1926, the appellant's intestate, Laura Owings, was killed and her two companions injured when struck by a loaded truck near the east limits of Mt. Sterling. Suits for damages were filed against the appellee, Gradison Construction Company, and James W. Richards. There have been two successful appeals from judgments favorable to the defendants, which are reported, respectively, in 224 Ky. 427, 6 S. W. (2d) 481, and 236 Ky. 270, 32 S. W. (2d) 1014. Upon another trial a jury awarded damages in the sum of $100 and $900, respectively, for the two persons injured, and $400

for the death of Laura Owings. The appeal is by her administrator only.

Vigorous argument is made that the court erred to the prejudice of appellant's substantial rights in failing to incorporate in the instruction defining the duties of the driver of the truck the further duty to have sounded his horn and given other warning as he approached the deceased and her companions, it being admitted that he did not do so; and also in giving an instruction under the rule that, in case of an emergency neither produced nor contributed to by the one seeking to rely on it, a failure to choose the safer of two courses of action as manifested by subsequent events will not constitute negligence when the course selected was one dictated by ordinarily prudent action and such as an ordinarily prudent man would have selected under the circumstances. It seems to us that, under the facts, the instructions were authorized and correct, but, whether so or not, the appellant cannot be heard to complain, for under those instructions the jury found for him. In order to return any verdict for the plaintiff, it was necessary to have found that the driver of the truck was negligent. Rossi v. Jewell Jellico Coal Co., 157 Ky. 332, 163 S. W. 220; Veach's Adm'r v. L. & I. Ry. Co., 190 Ky. 678, 228 S. W. 35; Maryland Casualty Co. v. Automatic Fire Protection Co., 200 Ky. 750, 255 S. W. 548.

The same is true of the error claimed in respect to the rejection of evidence showing that the driver of the truck operated it in a reckless manner some distance before he reached the scene of the accident.

The uncontradicted evidence was that the deceased, a colored school teacher, had been earning about $90 a month, and had a life expectancy of twenty-six years. The verdict of the jury awarded damages for only $400 as stated, for the destruction of her power to earn money, and a reversal of the judgment is asked because the verdict was flagrantly against the evidence, and the damages awarded are inadequate, or, to be more accurate, that the evidence authorized a larger verdict.

We are controlled by section 341 of the Civil Code of Practice, which declares that a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or in any other action in which the damages equal the actual pecuniary injury sustained. It is argued in behalf of the appellant that

the evidence of earning power and expectancy is evidence of pecuniary injury within the meaning of the Code provision, and reliance is had principally upon the case of Netter's Adm'r v. Louisville Ry. Co., 134 Ky. 678, 121 S. W. 636. It was there held that the restriction upon the court is applicable to death cases, but the opinion was expressed that in such cases, if there was evidence showing even approximately the pecuniary loss the estate of the deceased had sustained, and the amount awarded was wholly insufficient as compensation for the pecuniary loss, a new trial would be granted. However, the judgment for $500 for the death of a twelve-year-old child was affirmed; there being no evidence tending to show the loss her estate had sustained by reason of her death nor any pleading asking compensation in the way of special damages.

The broad language used in the Netter opinion has been narrowed by interpretation and application of the rule in many subsequent cases. The phrase "actual pecuniary injury" has been given the restricted meaning of money actually expended or expenses incurred for special damages, such as medical treatment, loss of time, and the like, which are capable of being ascertained with certainty. The granting of a new trial on account of the smallness of damages, independent of a recovery of special damages, has been held prohibited by the Code provision because pecuniary loss calculated on the earning power and expectancy of life of the deceased is necessarily speculative. Rossi v. Jewell Jellico Coal Co., supra; Conder v. Ledford, 167 Ky. 137, 180 S. W. 77; Paducah Traction Co. v. Walker's Adm'r, 169 Ky. 721, 185 S. W. 119; Chesapeake & O. Ry. Co. v. Williams' Adm'r, 179 Ky. 333, 200 S. W. 451; Veach's Adm'r v. L. & I. Ry. Co., supra.

Several of the opinions cited disclose awards of damages as grossly disproportionate to the evidence as to the earning capacity of the decedent, and equally as difficult to understand, as that disclosed in this record, yet the judgments were affirmed.

Judgment affirmed.