## Mahan v. Commonwealth.

(Decided Oct. 7, 1932.)

W; O. SMITH for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The First National Bank of Dawson Springs, Ky., was robbed by two armed bandits on the morning of May 31, 1930. Shortly after the bank had been opened by the assistant cashier, two men dressed as coal miners entered the bank, flourished revolvers, announced that the bank was being robbed, and ordered those present to remain in the room. The assistant cashier, A. W. Morris, and three customers, Clay Drennon, Ross Drennon, and W. W. McGregor, were in the bank when the bandits entered. They obtained $6,587 in currency and escaped.

The appellant, Joe Mahan, was arrested at Central City in February, 1931, and on his trial under an indictment charging him with bank robbery as defined by section 1159a, Kentucky Statutes, he was convicted and sentenced to serve five years in the state penitentiary. He was identified as one of the men who perpetrated the robbery by the four men who were in the bank when the crime was committed.

No argument is advanced that the evidence is not sufficient to sustain the verdict, but a reversal of the judgment is asked on the sole ground that the trial court erred in admitting incompetent evidence.

The only testimony of which complaint is made is that of Gene Young, who was introduced as a witness for the commonwealth. At the time of the trial, Young was serving a term in the penitentiary for housebreaking. He testified that a few nights before the bank at Dawson Springs was robbed he had a conversation in Central City with Doss Coghill, Clifford Smith, and a man with whom he was not then acquainted, but who Coghill said was Joe Mahan, in which the robbery of the bank at Dawson Springs was proposed and discussed. It is insisted that all of Young's testimony was incompetent since the presence of appellant when the robbery was discussed in Central City was not es-

tablished by competent evidence. At the conclusion of Young's testimony, the court instructed the jury not to consider his testimony concerning the conversation about robbing the bank, unless they believed from the evidence that Mahan was present when the conversation took place.

Complaint is made of this admonition to the jury on the theory that there was no evidence except the alleged incompetent testimony of Young from which the jury could infer that Mahan was present. If there was any competent evidence that Mahan was present when the alleged conversation occurred, the admonition given by the court was not improper.

Early in his testimony, Young identified appellant as one of the persons present in Central City when the conversation concerning the proposed robbery took place, but later, both on direct and cross-examination, he qualified his prior positive statement that appellant was present, and said that it was dark when the conversation took place, and he could not say appellant was there, but that Coghill referred to him at the time as Joe Mahan. However, he further testified that, while it was dark when he had the conversation in Central City with Coghill, Smith, and a third man, the appellant looked like the man referred to as Joe Mahan by his companions. While Young's testimony was contradictory, it was for the jury to say what portion of it was true. If he had merely testified that on account of the darkness he did not see the member of the party who was then a stranger to him, and could not identify the appellant as that person, but assumed that appellant was present because he was told by Coghill that the stranger was Joe Mahan, all of the testimony concerning the conversation would be inadmissible, since the presence of appellant would not have been established by competent evidence. But, in the course of his testimony, he made statements based on his own knowledge and observation, and not on information obtained from another from which the jury might reasonably conclude that appellant was present in Central City when the conversation concerning the contemplated bank robbery occurred.

We conclude that the evidence in question was competent, and the judgment must therefore be, and it is, affirmed.