## Lowery et al. v. Hopkinsville Transfer Co.

(Decided May 30, 1933.)

O. P. ROPER and C. H. LOWRY for appellants.

BLAKEY, DAVIS & LEWIS and COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

D. A. Lowery was the owner of a Chevrolet coupe, and loaned it to his daughter, Corinne Lowery, to drive from their home in Murray, Ky., to Lexington, Ky. Miss Lowery, in company with a young man named Harry Heath, left Murray on October 3, 1930, on their journey to Lexington. After they passed through Elkton traveling toward Russellville, the car in which they were riding collided with a truck owned by the appellee, Hopkinsville Transfer Company. The truck was also traveling toward Russellville, and had stopped on the roadside for the purpose of repairing or adjusting the headlights.

About the time Miss Lowery was approaching the parked truck, another car being driven by one Branum, traveling in opposite direction, pulled up by the side of the truck and stopped to inquire of the truck driver if he was having any trouble or in need of help, and, while they were engaged in conversation, Miss Lowery's car collided with or struck the rear end of the truck, and as a result of which the car she was driving was greatly damaged and also Miss Lowery was injured.

Miss Lowery and her father, D. A. Lowery, instituted separate suits in the Todd circuit court; Mr. Lowery suing for $400 for damages to his car, and Miss Lowery suing for $7,500 personal injury and the further sum of $300 for dentist and doctor bills.

The issues were made up, a trial had, and the jury awarded D. A. Lowery the sum of $100 for damages to his car, and Miss Lowery the sum of $400 for her damages.

Plaintiffs below, being dissatisfied with the respective sums awarded them, filed their motion and grounds for a new trial, which were overruled. They appeal.

By agreement the cases were consolidated and tried

together, and the appeal prosecuted likewise, both of which will be considered in one opinion.

Miss Corinne Lowery attributed the cause of the accident to the fact that the truck of appellee had no rear light, reflector, or other signal to indicate its presence on the road, and for which reason she did not see the truck until she was within about two lengths of her car from the truck. She says that she was driving at a speed of about 30 to 35 miles per hour, and that her headlights and brakes were in proper condition, and it was no fault on her part that the accident occurred.

It is insisted for appellee that the rear light of the parked truck was burning and in proper condition, and that Miss Lowery's own negligence was the cause of the accident which resulted in the injury to herself and her father's car. The evidence is conflicting as to the cause of the collision, and it was therefore a question for the jury. Fry & Kain v. Keen, 248 Ky. 548, 59 S. W. (2d) 3.

It is insisted for appellee that this court does not have jurisdiction of these appeals because they were granted by the lower court. But we find in the record motions for the appeals in conformity to the rule of practice of appeals where the judgment is more than $200 and less than $500.

Appellee insists that the judgments for purpose of an appeal determine the amount in controversy, and in support of this insistence cites the cases of Louisville & N. R. Co. v. Wade, 89 Ky. 255, 12 S. W. 279, 11 Ky. Law Rep. 436; American Acc. Co. v. Slaughter, 101 Ky. 269, 40 S. W. 675, 19 Ky. Law Rep. 418. An examination of these cases, supra, discloses that the defendants in the lower court were attempting to appeal from judgments below the appealable sum. In the instant case, we have the converse. The plaintiffs below are the appellants, which distinguishes this case from the case of Louisville & N. R. Co. v. Wade, supra. Miss Lowery sues for the sum of $7,800, which was the amount in issue or controversy so far as she is concerned, and the fact that she recovered judgment for less than $500 will not defeat her right of appeal.

In the case of Julian v. United Clothing Stores, 180 Ky. 653, 203 S. W. 549, the court said:

"The law is well settled that when the right to ap-

peal is dependent upon the amount in controversy the judgment fixes the amount governing the right of an appeal by the defendant, but the amount governing the right of the losing plaintiff to appeal is the sum that his evidence shows him entitled to recover."

This brings us to the question whether or not a new trial should be granted for the smallness of damages when the amount awarded is sufficient to cover the actual pecuniary losses. The phrase "actual pecuniary injury or damages" has been given the restricted meaning of money actually expended or expenses incurred for special damages, such as medical treatment, loss of time, etc., which are capable of being ascertained with certainty. Owings' Adm'r v. Gradison Construction Co., 241 Ky. 5, 43 S. W. (2d) 327. Miss Lowery only asked the sum of $300 for special damages, and the proof showed her entitled to not exceeding $287.50 in any event. Thus it will be seen that the amount she recovered, $400, was $112.50 over and above the special or actual pecuniary injury. Section 341, Civil Code of Practice, declares that "a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, or in any other action in which the damages equal the actual pecuniary injury sustained. * * *" Inasmuch as Miss Lowery was awarded a sum sufficient to cover the special or actual pecuniary injury, the verdict of the jury and judgment of lower court will not be disturbed by this court. Netter's Adm'r v. Louisville R. Co., 134 Ky. 678, 121 S. W. 636; Paducah Trac. Co. v. Waller's Adm'r, 169 Ky. 721, 185 S. W. 119; Owings' Adm'r v. Gradison Const. Co., 241 Ky. 5, 43 S. W. (2d) 327, 328.

It is argued for appellant Miss Lowery that the damages awarded her are disproportionate to the injuries received as shown by the evidence. This same question was raised in the Owings' Case, supra. Owings was a school teacher, and had been earning about $90 a month, and had a life expectancy of 26 years. The verdict of the jury awarded damages for only $400, and a reversal of the judgment was asked because the verdict was flagrantly against the evidence and the damages awarded were inadequate. The court said:

"We are controlled by section 341 of the Civil Code of Practice, which declares that a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or in any other action in which the damages equal the actual pecuniary injury sustained."

The further point is made that the instructions were erroneous, and a new trial should be granted for that reason, and in support of this complaint is cited the case of Standard Oil Co. of Ky. v. Thompson, 189 Ky. 830, 226 S. W. 368, in which case the Standard Oil Company, appellant in this court, was the defendant in the lower court, and the judgment was against it; while in the case at bar the appellant was plaintiff below and the judgment in her favor.

As the case must be affirmed for other reasons, it is not necessary for us to determine whether or not the instructions were erroneous. The fact that the jury found for the plaintiff negatives the idea that they found under the instructions complained of. Even though the instructions were erroneous, they were not prejudicial. Drury v. Franke, 247 Ky. 758, 794, 57 S. W. (2d) 969; Rossi v. Jewell Jellico Coal Co., 157 Ky. 332, 163 S. W. 220, 222.

In Rossi v. Jewell Jellico Coal Co., supra, the question presented for determination was very similar to the instant case. The verdict was in favor of the plaintiff below, but, being dissatisfied with the amount awarded, he appealed. It was insisted that the case should be reversed because on an erroneous instruction and the inadequacy of the amount awarded. By the instruction complained of, the jury was told to find for the defendant if they believed certain facts existed. But the verdict was for the plaintiff, which negatives the idea that the jury believed the facts submitted by the erroneous instruction, which was in effect to find that none of the facts set out in the erroneous instruction existed. It was held that the instruction was not prejudicial, even though it may have been erroneous. The court, quoting from the opinion of Netter's Adm'r v. Louisville R. Co., supra, said:

"It could have been prejudicial only in the event of a finding for the defendant. * * * 'Before the

jury could find for the plaintiff in any sum, they must have agreed that the defendant company was guilty of negligence, and, having so agreed, the next question was the amount to be awarded.' To the same effect, see Nelson v. Terry, 56 S. W. 672, 22 Ky. Law Rep. 111; Sears' Adm'r v. L. & N. R. R. Co., 56 S. W. 725, 22 Ky. Law Rep. 152; Eversole v. White, 112 Ky. 193, 65 S. W. 442, 23 Ky. Law Rep. 1435; Weldon v. Finley, 104 S. W. 701, 31 Ky. Law Rep. 1050.''

Pendly v. I. C. R. Co., 92 S. W. 1, 28 Ky. Law Rep. 1324; Drury v. Franke, supra.

The principles and rules enunciated in the above-cited cases are applicable to the instant case. The jury's finding in favor of appellants, plaintiffs below, was in effect to find that the transfer company, appellee, was guilty of negligence and responsible for the accident and injuries resulting therefrom. The only question remaining then for the jury to determine was the amount of damages, which they fixed, and which was peculiarily within their province, and for the same reason the appeal as to D. A. Lowry is denied.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.