# Gorrell, Barrow & Kirkpatrick v. South's Adm'r.

(Decided March 22, 1935.)

RODES & HARLIN, COLEMAN TAYLOR, SAM MILAM and. HUFFAKER, HOGAN & BERRY for appellants.

S. Y. TRIMBLE and LORENZO K. WOOD for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming..

This is an appeal from a verdict and judgment of the Logan circuit court, awarding to the appellee, who was the plaintiff below, damages in the sum of $1,000 on account of the death of appellee's decedent, alleged to have been occasioned by the negligence of the appellants. Appellee has taken a cross-appeal from the same judgment.

In the month of September, 1930, appellee's decedent, Olen South, was traveling in a Model A Ford automobile, in the night-time, from Elkton to Russellville. When about halfway to Russellville, his car ran into a pile of asphalt some two or three feet high, which it was admitted had been dumped upon the road by appellant's agents and servants and was unguarded and was without any light or other signal to warn travelers of its presence on the highway. Olen South was alone. The accident happened out in the country, and there was no witness who saw or heard anything connected with the accident. The tracks of the car indicated that the left front wheel had hit the pile of asphalt, turning the machine over. The tracks further indicated that the machine was thrown through the air for a distance of twenty-five or more feet before it struck the road again. Olen South was found in a dazed condition beside the car by another traveler some time after the accident. He was taken to Russellville and from there carried in an ambulance to a hospital in Hopkinsville, where he died as a result of the injuries sustained. It was shown that the road upon which the accident occurred was under repair. Appellants, who were the contractors in charge of the work, had erected gates at either end of the project, and all ordinary traffic was at the time detoured over other highways. On the night in question, the gates were left open, under the direction of the Highway Commission, in order to permit persons desiring to attend a revival meeting to use this road. There were large signs advising the public that the road was under construction, but no showing that appellee's decedent saw or knew of the signs or that he was advised that the road was under repair. The existence of the pile of asphalt and the fact that it extended to the center of the road, if not further, was admitted. Two witnesses for the defendant testified that they met the car driven by appellee's decedent at a point near the scene of the

accident and that only its left-hand light was burning, and this very dimly. These witnesses further testified that the car was traveling at a tremendous rate of speed. They fixed the point at which they saw the car at about 400 yards from the pile of asphalt. The trial court submitted the case to the jury with the result that the jury found for the plaintiff in the sum of $1,000, as above set out.

Appellants complain alone of the failure of the court to direct a verdict in their favor. It will suffice to say, in response to this contention, that there was substantial evidence of negligence on the part of appellants admitted in the record. It is difficult to conclude from the physical facts otherwise than that this negligence of appellants contributed directly to bring about the accident. Whether or not appellee's decedent was guilty of such contributory negligence as to bar the recovery of his estate was, we think, clearly a question for the determination of a jury. It may likewise be noted that appellants made no motion for a new trial and that the only question before us is, therefore, the sufficiency of the pleadings to support the judgment. Clover Farm Dairy Company v. Gillum, 222 Ky. 20, 299 S. W. 1065. There is no question but that the pleadings support the judgment.

Appellee, although securing a verdict, filed a motion and grounds for a new trial and set out three points upon which it is claimed that the court erred to his prejudice.

The first point insisted on is that the court erred in the admission of incompetent evidence in permitting one W. B. Hill to testify that plaintiff's decedent had been at his garage in Russellville earlier in the evening, accompanied by two other men, and that all three of them seemed to have been drinking. It was shown that Mr. Hill did not know the decedent and based his testimony entirely upon subsequent information to the effect that one of the three men was Olen South. This testimony was clearly hearsay. Mahan v. Commonwealth, 245 Ky. 195, 53 S. W. (2d) 360. We do not think, however, that under the circumstances of this case the admission of this testimony was prejudicial. In the first place, the jury found in favor of the appellee, and not against him. On cross-examination the witness Hill was

asked to describe the three men who were in his garage, and his description of them does not tally with the description other witnesses gave of Olen South. In the second place, with the exception of the appearance of the appellee's decedent in Russellville, there was substantial evidence in support of all of the other material statements made by Mr. Hill. As the only inference from this testimony that could have been prejudicial to appellee was determined by the jury in his favor, we conclude that the error was not prejudicial.

Appellee next complains of instruction No. 4 given by the court in regard to the duty of deceased to have two lighted headlights on his car. Appellee says in his brief:

"If there had been any proof whatever on this point, the instruction might be justified, but where there is a total failure of proof, certainly the instruction should not have been given."

We have pointed out above that there was direct testimony by two witnesses to the effect that deceased had but one headlight burning and that this was dim. We conclude, therefore, that the instruction was proper.

Instruction B is next complained of. The effect of this instruction was simply to tell the jury that if the decedent was driving at a greater rate of speed than forty miles per hour at the time, then such speed was prima facie evidence of unreasonable and improper driving. Here, again, the jury found in appellee's favor, and must therefore have considered that appellee's decedent was not guilty of contributory negligence. The instruction could not have been prejudicial even if incorrect. Lowery v. Hopkinsville Transfer Company, 249 Ky. 454, 61 S. W. (2d) 23.

Finally, appellee insists that the verdict of $1,000 is grossly inadequate and flagrantly against the evidence. While the record does not show that the lower court considered the verdict inadequate, we may assume from the argument that this is true. If we are correct in this assumption, we may assume that the circuit court refused to grant a new trial on this ground because of the provisions of section 341 of the Civil Code of Practice, prohibiting the granting of a new trial on account of the smallness of damages where the damages equal the actual pecuniary injuries sustained. Appellee vig-

orously attacked the constitutionality of section 341 of the Code and furnished us with thorough and able briefs on the question. The precise question was determined by this court in the case of Drury v. Franke, 247 Ky. 758, 57 S. W. (2d) 969, 88 A. L. R. 917. We have carefully reconsidered the questions presented, together with the additional points raised by appellee under the equal protection and due process clauses of the Federal Constitution, and we have concluded that the views expressed in the case cited are sound and that we will not depart from them.

The judgment is affirmed on both the original and cross appeals.

Whole court sitting.

Judges Perry and Rees dissenting from so much of the opinion as holds Section 341 of the Code constitutional.